GENEVIEVE M. CLOUTIER, administratrix, *vs.* GRAFTON AND UPTON RAILROAD COMPANY.

Worcester.   October 3, 1894. — January 1, 1895.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Loss of Life — Railroad — Negligence — Evidence.*

In an action against a railroad corporation, under the employers' liability act, St. 1887, c. 270, for causing the death of C., it appeared that he was run down and killed by the defendant's engine while standing on the main track of the railroad with his back to the approaching engine, working at a coal car which was on the same track and which was run into; and that the switch had been set so as to send the engine on to a loop track, and the head brakeman changed the switch with the knowledge of the engineer. The defendant put in evidence that C. had orders to remain at the switch until the train had gone on its way by the loop track, and that he had told the engineer that he would do so. This evidence was disputed; and, in corroboration of it, evidence was offered that until the accident C. always had been there. *Held,* that the evidence so offered should have been admitted.

In an action for causing the death of C., if a witness for the defendant, having testified on direct examination to a conversation with C. after the accident, on cross-examination concerning it testifies to a similar conversation at a later date, the plaintiff may contradict the later conversation in rebuttal.

HOLMES, J.   This is an action under the employers' liability act, St. 1887, c. 270, to recover for the death of the plaintiff's intestate and husband, one Cloutier, who was run down and killed on the defendant's track by its engine. At the time of the accident Cloutier was standing on the main track with his back to the approaching engine, working at a coal car which was

on the same track, and which was run into. The case comes before us on exceptions to the refusal of the judge to take the case from the jury and to give other rulings asked for by the defendant, and also to the exclusion of certain evidence.

As the exception to the exclusion of evidence must be sustained, it need not be considered how far this case can be distinguished from *Lynch* v. *Boston & Albany Railroad,* 159 Mass. 536, and the like. It is enough to say that the court are not prepared to deny that it is distinguishable, in view of the presence of the car upon the track, and the evidence that the switch had been set so as to send the engine on to a loop track, and that the head brakeman changed the switch with the knowledge of the engineer. The facts may have warranted Cloutier in assuming that an engine would not run where a collision would be the manifestly necessary result. See *Maguire* v. *Fitchburg Railroad,* 146 Mass. 379. If so, the court are of opinion that the jury might find that the only negligence of Cloutier, if any, was in not having the switch watched, and that the running of the engine on the main track was also negligent, and nearer to the accident. *Pierce* v. *Cunard Steamship Co.* 153 Mass. 87. It is not denied that, if the foregoing propositions are correct, this case is within St. 1887, c. 270. See *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532, 534.

The defendant put in the evidence of different witnesses that Cloutier had orders to remain at the switch until the train had gone on its way by the loop track, and that he had told the engineer that he would do so. This evidence was disputed. In corroboration of it, evidence was offered that until the accident Cloutier always had been there. It is objected that the questions put were leading; but we think it plain that the evidence was excluded on general grounds, and not for form. This being so, we are of opinion that the exclusion was wrong. The habit of Cloutier in such a matter tended to show, by admission, what his duty was; or, putting it at the lowest, the fact was a circumstance to be considered by the jury in determining what the engineer reasonably might expect, as bearing on the question of his negligence. See *Readman* v. *Conway,* 126 Mass. 374; *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532,

535. We cannot say that all evidence as to the duty of Cloutier to watch the switch was immaterial, notwithstanding its bearing on the question of his care, for we cannot say, as matter of law, that if the jury had found that there was such a duty they were bound to find that there was later negligence on the part of the defendant. They might have found so, but we cannot say that they might not have found that Cloutier had invited and led the train into a position where it was too late to stop when the danger was noticed. See *Tyler* v. *Old Colony Railroad*, 157 Mass. 336, 340.

A witness for the defendant, having testified on direct examination to a conversation with Cloutier after the accident, on cross-examination concerning it testified to a similar conversation at a later date. The plaintiff was allowed to contradict the later conversation in rebuttal. The admission of this evidence was excepted to. This exception must be overruled. The evidence on cross-examination was closely connected with the testimony in chief; it was material, and the contradiction of it tended to discredit the witness. *Commonwealth* v. *Bean*, 111 Mass. 438. *Fries* v. *Brugler*, 7 Halst. 79. *Hogan* v. *Cregan*, 6 Rob. (N. Y.) 138, 150. *People* v. *Cox*, 21 Hun, 47, 52. *State* v. *Patterson*, 2 Ired. 346, 353. Wharton, Ev. § 552.

*Exceptions sustained.*

*F. A. Gaskill*, for the defendant.
*F. P. Goulding*, (*F. L. Dean* with him,) for the plaintiff.