ELLEN LEDWIDGE, administratrix, *vs.* NATHANIEL
HATHAWAY, executor.

Suffolk.    January 10, 1898. — February 26, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Notice of Injury — Negligence
— Master and Servant — Law and Fact — Evidence.*

In an action under the employers' liability act, St. 1887, c. 270, it appeared that
notice of the plaintiff's injury was not given within the thirty days required
by § 3.   His wife testified that he was in bed almost two months after the acci-
dent, that during most of this time he knew her and talked to her, and that a
good deal of the time he was conscious and knew what he was doing; and his
son also testified that he saw his father almost every day after the accident, and
that he was conscious nearly all the time.   *Held,* that there was no sufficient
proof that from physical or mental incapacity, within St. 1888, c. 155, it was im-
possible for him to give the notice within the thirty days.

In an action for personal injuries occasioned to the plaintiff while in the defend-
ant's employ, through the careless management of an elevator in allowing it to
come down upon him while he was at work by order of the defendant's agent
in cleaning out the elevator pit, several witnesses testified that the man in
charge of the elevator was under certain physical disabilities.   The evidence also
tended to show that, on some ground not disclosed, he had been discharged
about a year before the accident, but came back in about two months ; that his
peculiarities and infirmities were open to observation ; that his general reputa-
tion was that of being infirm bodily and mentally, and weak, nervous, and ex-
citable ; and that the plaintiff told him to take the elevator up to the upper hall,
and told him what he, the plaintiff, had to do in the pit.   *Held,* that there was
sufficient evidence to entitle the plaintiff to go to the jury

Where a person is injured while cleaning out an elevator pit by the elevator com-
ing down upon him, in an action against his employer for his injury, alleged to
have been caused by careless management of the elevator, evidence that it was
common knowledge in the building that complaints were made that A., the man
in charge of the elevator, was not running it properly; that the janitor of the
building had a talk with the defendant's manager about such complaints; that
another employee talked with A. before the accident about the plaintiff being
in the pit; and that A. was forgetful, and had a habit of screaming, if it was
without cause, is improperly excluded.

TORT, brought originally by the plaintiff's intestate, Arthur
E. Ledwidge, for personal injuries sustained by him while in the
employ of the defendant's testator, Francis Hathaway, who died
after the action was begun.   Trial in the Superior Court, before
*Hopkins,* J., who ruled that the action could not be maintained,

and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*G. R. Swasey,* ( *C. A. Taber* with him,) for the plaintiff.

*J. Lowell,* for the defendant.

ALLEN, J. We find no error in the ruling that there was no evidence of proper notice of the time, place, and cause of the accident, to support the counts under the employers' liability act. Under that act, St. 1887, c. 270, § 3, it was made necessary to give this notice within thirty days. By St. 1888, c. 155, if, from physical or mental incapacity it is impossible for the person injured to give the notice so soon, he may give the same within ten days after such incapacity is removed. In this case the notice was not given within the thirty days, and it was incumbent on the plaintiff to prove that from physical or mental incapacity it was impossible for her intestate to give it within that time. The evidence failed to sustain this burden.* *Saunders* v. *Boston,* 167 Mass. 595, and cases there cited.

The first and third counts were at common law, and charged in substance that the plaintiff's intestate was hurt through the careless management of the elevator, in allowing it to come down upon him while he was at work by order of the defendant's agent in cleaning out the elevator pit. At the hearing before us, it was not denied that the deceased was in the exercise of due care, and that he was properly at work in a place where he had been duly sent; and there was evidence tending to show that the defendant's agent, Coffin, was his general managing man in respect to the building in question, and that he acted for the defendant in employing the help there, and had an office there, and was about the building most of the time. The count charging that the accident happened by reason of some defect in the elevator itself was abandoned at the trial; so that the only

---

* It appeared that the accident happened on July 5, 1893, and that the notice was given on August 17, 1893. The plaintiff, who was the widow of the intestate, testified that he was in bed almost two months after the accident; that during most of this time he knew her and talked to her; and that a good deal of the time he was conscious and knew what he was doing. A son of the intestate also testified that he saw his father almost every day after the accident, and that he was conscious nearly all the time.

ground of recovery which remained was the alleged negligence in the management of the elevator.

The plaintiff was entitled to go to the jury if she had evidence tending to show that her intestate was himself in the exercise of due care; that Taytasac, the man in charge of the elevator, was incompetent for that service; that he was duly intrusted by the defendant or his authorized agent with that work; that his incompetency was or ought to have been known to the defendant or his managing agent; and that the injury to the deceased was in consequence of Taytasac's negligence. *Gilman* v. *Eastern Railroad*, 13 Allen, 433, 441, 442. It seems to us that there was sufficient evidence upon all of these propositions so to entitle the plaintiff. Several witnesses testified, in substance, that Taytasac was under certain physical disabilities, and that he was weak, infirm, nervous, and excitable. Without reciting the evidence in detail, a jury would be warranted in finding that he was. unsuitable to be intrusted with running an elevator. There was evidence tending to show, and at the hearing before us it was not denied, that he was duly in charge of the elevator at the time of the accident. There was also evidence which would warrant a finding that the defendant, or his managing agent, Coffin, knew or ought to have known of Taytasac's incompetency, if he was incompetent. This evidence tended to show that, on some ground not mentioned in the bill of exceptions, he had been discharged about a year before the accident, but came back in about two months; that his peculiarities and infirmities were open to observation; and that his general reputation was that of being infirm, bodily and mentally, and weak, nervous, and excitable. If he was in fact unsuitable for this service, it clearly might be found that his unsuitability was or ought to have been known to the defendant, or his agent Coffin. *Cox* v. *Central Vermont Railroad*, *ante*, 129. *Driscoll* v. *Fall River*, 163 Mass. 105. *Monahan* v. *Worcester*, 150 Mass. 439. *Gilman* v. *Eastern Railroad*, 13 Allen, 433. It might also be found, upon the evidence, that the injury to the deceased was in consequence of Taytasac's negligence. There was evidence to show that the deceased told him to take the elevator up to the. upper hall, and told him what he, the deceased, had to do in the pit, and it might be inferred that Taytasac forgot about it, or through

mental or bodily infirmity allowed the elevator to go down too soon.

In view of the above mentioned aspects of the case, a little of the evidence which was excluded might well have been received. Evidence that it was common knowledge in the building that complaints were made that Taytasac was not running the elevator properly, and that Swadkins, the janitor of the building, had a talk with Coffin about Taytasac, and with reference to such complaints, after he came back to work, would or might tend to show knowledge by Coffin of Taytasac's unsuitableness. Evidence that Farrell, another employee of the defendant, talked with Taytasac before the accident, about the deceased being in the pit, would or might tend to show negligence on Taytasac's part. Evidence that Taytasac was forgetful, and had a habit of screaming, if it was without cause, would have some tendency to show a general unsuitability on his part for the service in which he was employed.                    *Exceptions sustained.*