MARGARET SMITH *vs.* THOMSON-HOUSTON ELECTRIC COMPANY.

MARGARET SMITH, administratrix, *vs.* SAME.

Essex.   April 4, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Negligence,* Employer's liability.   *Practice, Civil,* Verdict, New trial.

A switchman on a reversible motor car, attached to a flat car loaded with machinery and moulds being transported within the yard of the works of an electrical company, who was thrown under the car and injured owing to the breaking of a board step supported by brackets attached to the side of the car on which he was standing, he having jumped upon it after throwing open a switch and running back in performing his work in the usual way, can be found to have been in the exercise of due care; and, if the broken board forming the step was examined immediately after the accident and was found to have an old split where it broke and to have become worn through and chipped from use, it can be found that the step was a defective appliance, and that the employer and proprietor by using due diligence would have known of its condition.

Under R. L. c. 106 the widow of an employee, not suing as administratrix, cannot maintain an action against the employer of her husband for negligently causing his death unless the death was instantaneous and without conscious suffering.

In an action by the administratrix of an employee against his employer for injuries suffered by the intestate resulting in his death, with counts under the employer's liability act, and also a count at common law, if at the same time the same plaintiff, as widow of the intestate, has brought another action against the same defendant for causing the death of her husband, which she is not entitled to maintain, and if the judge instructs the jury, that in case the plaintiff prevails under the statute the entire damages recovered in both actions cannot exceed $5,000, and the jury return a general verdict for the plaintiff in the second action for $2,500, having returned a verdict for her in the first action for $4,500, the verdict in the second action will not be allowed to stand, as it may have been returned on the statutory counts.

In an action by an administrator under the employers' liability act against the employer of his intestate for personal injuries of the intestate resulting in death, where the declaration contains no count for the death, if exceptions are sustained to an erroneous instruction relating to damages which does not affect the

issue of liability, the new trial will not be confined to the question of damages
if it appears probable that the plaintiff will wish to amend his declaration by
adding a count for the death of his intestate under R. L. c. 106, §§ 72, 74.

Two ACTIONS OF TORT, the first by Margaret Smith, as the
widow of George F. Smith, alleged to be for the benefit of her-
self and the next of kin of her husband, for his injury and death
alleged to have been caused by the defective condition of a step
of a car of the defendant on which the plaintiff's husband was at
work as switchman, and the second by the same Margaret Smith
as administratrix of the estate of her husband, with two counts
under the employers' liability act and a third count at common
law for conscious suffering of the plaintiff's intestate.    Writs
dated October 14, 1901.

In the Superior Court the cases were tried before *Sherman*, J.
The evidence and the admissions of the defendant are described
in the opinion.

The defendant asked the judge to rule :

1. That as the intestate experienced conscious suffering the
first action cannot be maintained by the widow and next of kin,
but should have been brought by the administrator, and that the
law does not in any case authorize an action to be brought by a
widow for the benefit of herself and the next of kin.

2. That upon the testimony and the admission of the defend-
ant neither action could be maintained.

The judge declined to give either of these rulings, and ruled,
that the first action could be maintained in its present form, and
that there was evidence for the consideration of the jury in both
actions, and the judge further ruled, that, if the jury found for
the plaintiff in the first action, they might assess damages any-
where between $500 and $5,000 according to the degree of cul-
pability or negligence of the defendant corporation.    Upon the
second action the judge instructed the jury as follows :  " This is
an action to recover for conscious suffering while George F. Smith
lived, about two hours and a half, what he suffered during that
two hours and a half, and the declaration in this case has three
counts.    The first two counts are under the employers' liability
bill, and set forth that by reason of the negligence of the defend-
ant Smith was injured and suffered, — had conscious suffering.
The last count is a count at common law.    There is a limit to

the first two counts; the jury must, if they find on the first two counts, the extent of the whole recovery in both actions, limit the amount of recovery to five thousand dollars; but if they should find on the third count, in that second action, at common law, then there is no limit except the amount of *ad damnum* named in the writ, and the jury may assess damages for what they find Smith suffered during those two hours and a half."

The jury returned a verdict for the plaintiff in the sum of $4,500 in the first action, and in the sum of $2,500 in the second action; and the defendant alleged exceptions in each case.

*W. H. Niles & H. R. Mayo,* for the defendant.

*J. H. Sisk, W. E. Sisk & R. L. Sisk,* for the plaintiff.

BRALEY, J.   These are actions of tort tried together in the Superior Court, in which the plaintiff, as the widow of George F. Smith, seeks in the first to recover damages for his death under R. L. c. 106, and in the second under the same chapter, and at common law, as administratrix, for conscious suffering preceding death, both alleged to have been caused by the negligence of the defendant.   Verdicts having been returned in her favor, the defendant brings the cases before us on exceptions to the refusal of the presiding judge to rule " that as the intestate experienced conscious suffering the first action cannot be maintained by the widow and next of kin, but should have been brought by the administratrix, and that the law does not in any case authorize an action to be brought by a widow for the benefit of herself and the next of kin," and that upon all the evidence neither action could be maintained.   A further exception also was saved to the instructions given to the jury on the measure of damages.

We consider first the refusal to order a verdict for the defendant which was asked for upon the ground that the deceased was not in the exercise of due care, and there was no evidence of its negligence.

If either of these affirmative propositions were not sustained she cannot recover in either action.

It either was admitted, or not denied, by the defendant, that the plaintiff's intestate was injured while employed at its works, and after a short period of consciousness died from his injuries,

leaving a widow, and two minor children, who were dependent upon him for support. There was no contention that the necessary statutory notice had not been given.

At the time of the accident the deceased was working as a switchman or conductor, on a reversible motor car attached to a flat car loaded with machinery and moulds which were being transported within the yard of the defendant's works. Attached to one end of the motor car was a wooden step, extending across its entire width. This step was about fourteen inches wide by one inch in thickness, and it was supported and held in place by iron brackets raised about three inches above the level of the track.

The testimony of the plaintiff tended to show that Smith rode on the front step of the car, which was moving slowly, when he alighted,. ran ahead, and threw a switch to open the track over which it was to pass. Having done so, he jumped on to the step as the car passed, which then increased its speed, and after riding a short distance the step broke, throwing him under the wheels, causing the injury from which he died. In the performance of his duties it was understood that he would ride on the car and open the switches. To do this he either would be obliged to stop the car, or get off and on while it was moving. There was also evidence from which it might have been found that when injured he was performing his work in the usual way.

The general foreman called by the defendant testified that shortly before the accident, upon observing this method of running the car he had instructed him to always use the rear step, as using the front step was dangerous, and never to get off while it was in motion, with the further admonition that if the practice was repeated he would be discharged.

But the plaintiff contended that this, and other similar testimony that the deceased was improperly on the front step, should be disregarded by the jury who were not bound to accept it. *Tyler* v. *New York & New England Railroad*, 137 Mass. 238. *Aiken* v. *Holyoke Street Railway*, 180 Mass. 8, 12. Or if taken as true, that her intestate was not required to take the safest possible course, and if he did not they still could find that under the circumstances he exercised ordinary care. *Houlihan* v. *Connecticut River Railroad*, 164 Mass. 555, 556.

The danger against which he had been warned was, that in

using the front instead of the rear step there was danger of falling under the moving car, while the defendant's witnesses who observed the accident testified that Smith in jumping either missed the step, or if he reached it, his feet slipped causing him to fall.

Upon the plaintiff's evidence he was placed safely on the step, and whatever danger there was in getting on had passed. If so then the efficient cause of what happened was not his conduct, even if negligent in boarding a moving car, but arose from the breaking of the step.

We now come to the question of the defendant's negligence. The strain to which the step was subjected would be the same whenever used for the purpose for which it was designed, and the defendant's duty required that it should be of sufficient strength, and kept in suitable repair. *Murphy* v. *Marston Coal Co.* 183 Mass. 385.

On this issue the plaintiff's evidence was to the effect that the board forming the step, which was examined immediately after the car stopped, had an old split where it broke, and had become worn through and chipped from use. This furnished proof from which the jury could say that it was insufficient, and hence a defective appliance. They further could find that the defendant by using due diligence would have known of its condition. *Murphy* v. *Marston Coal Co., ubi supra.*

It is true that the defendant's evidence was to the contrary, and if believed the board was bright at the split except a slight weather check, and the step had been broken by coming in contact with the body of Smith as the car passed over him.

Plainly the evidence on both these issues could not be reconciled. Being conflicting, the due care of the deceased, and the negligence of the defendant, therefore, were questions not of law but of fact, which were submitted to the jury under instructions to which no exceptions were taken, and within whose province it was to pass on the weight and credibility of the witnesses. *Brown* v. *Greenfield Life Assoc.* 172 Mass. 498, 502, 503. *Powers* v. *Boston & Maine Railroad,* 175 Mass. 466.

While our conclusion on this branch of the case would allow the plaintiff to retain the verdicts returned if nothing further was involved, the question remains whether either action can be maintained in the form in which it is brought.

Neither at common law, nor under R. L. c. 171, § 1, could an action for the death of the deceased, though caused by the unlawful act of the defendant, be sustained by his widow, or relatives, or personal representatives. *Palfrey* v. *Portland, Saco & Portsmouth Railroad,* 4 Allen, 55. *Kearney* v. *Boston & Worcester Railroad,* 9 Cush. 108. *Carey* v. *Berkshire Railroad,* 1 Cush. 475. *Moran* v. *Hollings,* 125 Mass. 93. *Worcester & Suburban Street Railway* v. *Travelers Ins. Co.* 180 Mass. 263, 265.

Such a right, under certain conditions and forms of remedy, has long been given against cities and towns, common carriers of passengers, and corporations operating railroads, to which corporations operating street railways were subsequently added. Pub. Sts. c. 73, § 6; c. 52, § 17; c. 112, § 212. Sts. 1886, c. 140, now R. L. c. 51, § 17; c. 70, § 6; c. 111, § 267. *Bowes* v. *Boston,* 155 Mass. 344, 349. *Holland* v. *Lynn & Boston Railroad,* 144 Mass. 425, 428.

By the employers' liability act as originally passed where " an employee is instantly killed or dies without conscious suffering " his widow or next of kin if dependent upon him for support at the time of his death is given a right of action against his employer for damages. St. 1887, c. 270, § 2. R. L. c. 106, § 73.

No provision, however, was made for such recovery if death was not instantaneous, or without regaining consciousness. *Ramsdell* v. *New York & New England Railroad,* 151 Mass. 245.

This statutory right was subsequently enlarged by the St. of 1892, c. 260, now R. L. c. 106, § 72, to include a case where the decedent before death consciously suffered.

But the form of remedy was limited to his personal representatives. While they were entitled to recover damages for the injuries received, which upon recovery would become assets of his estate and might or might not finally be shared by the widow or dependent next of kin, they were also within the same action allowed to recover damages for his death.

By this double procedure the maximum amount recoverable is limited. Whatever sum is awarded must be apportioned by the jury, which gives to an administrator the damages assessed for personal injuries to his intestate, and to the widow, or to those entitled if the deceased leaves no widow, damages for death assessed according to the degree of culpability of the employer. R. L. c. 106, § 74.

The difference between this remedy and that given where death is instantaneous, or follows without recovering consciousness, grows out of different statutory conditions.

Under one form of death no cause of action is given to the personal representatives, while in the other, independently of § 74, they can recover for the personal injuries suffered by their decedent.

It is the object of this section in requiring a joinder to avoid multiplicity of suits, and to keep the entire damages recoverable within the imposed restriction. No provision is made for separate actions, and being a purely statutory remedy it must be strictly followed. The first action therefore cannot be maintained. *Dacey* v. *Old Colony Railroad,* 153 Mass. 112, 118.

In the action as administratrix there were three counts, two under the statute, and one at common law, but she was not compelled to insert a count for the death of her intestate, and the pleadings present the usual case of an action for personal injuries, which survived under R. L. c. 171, § 1.

Under the instructions given the jury were told that if the plaintiff prevailed under the statute, the entire damages recovered in both actions could not exceed $5,000. But if they found under the count at common law, then the *ad damnum* of the writ was the maximum limit.

For reasons already stated the first part of these instructions was erroneous, and a general verdict having been returned there is nothing upon the record to show that it might not have been rendered upon the statutory counts.

Ordinarily, as this error does not affect the issue of liability, which was fully and correctly tried, a new trial should be confined to the question of damages. But it is probable that the plaintiff originally intended to recover all damages to which she was entitled, in whatever form assessed, and made a mistake in her remedy. This may be cured by the allowance of an amendment which is within the discretion of the trial court.

Moreover, the defendant does not ask for the limitation suggested, and substantial justice between the parties will be done if it is not imposed. The order in each case must be,

*Exceptions sustained.*