FRANK BARTLEY, administrator, *vs.* BOSTON AND NORTHERN
STREET RAILWAY COMPANY.

Essex.   November 6, 7, 1907. — March 3, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence*, Employer's liability.  *Statute*, Remedial.  *Pleading, Civil*, Declaration. *Evidence*, Materiality, Presumptions and burden of proof.  *Practice, Civil*, Amendment, Exceptions.

St. 1906, c. 370, amending R. L. c. 106, § 72, by adding a provision that, in an action for causing the death of an employee where such death is not instantaneous or is preceded by conscious suffering, the plaintiff " under a separate count at common law, may recover damages for conscious suffering from the same injury," is a remedial statute and applies to actions which were pending when it was enacted, the effect of the amended statute as to such cases being the same as if it had been enacted originally in its present form.

In an action against a street railway corporation by the administrator of the estate of a workman, for personal injuries incurred by the plaintiff's intestate while at work for the defendant in the hold of a coal barge as a shoveller in unloading coal, from being struck by a lump of coal which fell from an ascending bucket, it appeared that the defendant, whose wharf was fully equipped with the necessary mechanical apparatus, previously had hired stevedores to unload its coal from the barges, but that on this occasion, instead of doing so, its division superintendent ordered one of the defendant's foremen " to take a gang of men from work upon the tracks and do the work."  There was evidence on which it could have been found that the fireman, who was in charge of the hoisting engine at the time of the accident, and the " hooker on," who managed the filled buckets below the level of the platform of the staging upon which the coal was being unloaded, were incompetent to use and manage the hoisting apparatus properly, and that they performed their work at the wharf in an inefficient manner, and it further could have been found that this lack of experience and skill was known to the division superintendent, and that the accident would not have happened except for their incompetence.  *Held*, that there was evidence for the jury of the defendant's negligence.

If a street railway company, which maintains a coal wharf where coal is unloaded from vessels, takes a foreign workman, whose knowledge of English is imperfect, from his usual employment as one of a track gang on the company's tracks and puts him at work in the hold of a coal barge as a shoveller in unloading coal, which by means of an engine is hoisted in buckets to a staging above, and the shoveller when at work in the hold is expected to stand under the ascending bucket, from which, if not properly hoisted, coal may fall upon him, and if, on the afternoon of the first day that he is so employed, he is injured by a lump of coal falling upon him in this manner, in an action against his employer for the injuries thus caused, it cannot be said as matter of law, taking into consideration the inexperience of the workman and his want of opportunity for observation, that the danger was so obvious to him that it was not the duty of his employer to warn him in regard to it, and it is a question for the jury whether

the workman's intelligence and previous experience were such that it was the defendant's duty to call his attention to the danger attendant upon his position.

In an action by an administrator for causing the death after conscious suffering of the plaintiff's intestate, when set at work by the defendant in the hold of a coal barge as a shoveller in unloading coal, which by means of an engine was hoisted in buckets to a staging above, from being struck by a lump of coal which fell from an ascending bucket, if there is evidence that a foreman of the defendant was present in charge of unloading the coal and supervised the work as it proceeded, that in exercising such supervision he either knew or ought to have known that previously the bucket as it ascended had come in contact with the end of the staging and was being carelessly handled by the "hooker on" or by the engineer or his fireman, and that if this method was not remedied or the shovellers in the hold were not warned of the danger they might be injured from falling coal, and that the foreman in charge failed to change the method or to give the warning, there is evidence for the jury of negligence of a superintendent of the defendant.

In an action under the employers' liability act for personal injuries to a workman alleged to have been caused by the negligence of a superintendent of the defendant, if there is evidence that a person acting as superintendent was in charge of the work, evidence that immediately after the accident such person gave certain directions regarding the conduct of the work may be competent to show the way in which the work was being carried on at the time of the accident.

A workman, previously employed as one of a gang of trackmen on a street railway, who is put to work in the hold of a coal barge as a shoveller in unloading coal, which by means of an engine is hoisted in buckets to a staging above, does not assume, as matter of law, the risk of an accident due to the inability of either the fireman of the engine or the "hooker on" to manage the hoisting machinery properly, and, in an action for injuries from his being struck by a lump of coal which fell from an ascending bucket owing to such incompetent management of the machinery, it is a question of fact for the jury whether the shoveller from the place where he worked should have observed and comprehended the inefficiency of these fellow workmen.

In an action by an administrator under R. L. c. 106, § 72, for causing the death of the plaintiff's intestate after conscious suffering, although to recover it is necessary to show that the intestate left a widow or next of kin, who at the time of his death were dependent upon his wages for support, this need not be stated in the notice required by § 75 of the same chapter, which provides that notice of the time, place and cause of the injury shall be given to his employer within sixty days.

In an action by an administrator under R. L. c. 106, § 72, for causing the death of the plaintiff's intestate after conscious suffering, where the declaration states no cause of action because it fails to allege that the intestate left a widow or next of kin, who at the time of his death were dependent upon his wages for support, but there is evidence at the trial of the existence of next of kin so dependent, and the questions of such existence and dependence are submitted to the jury, who return a verdict for the plaintiff, the defect in the declaration may be cured by an amendment after verdict, which it is within the discretion of the presiding judge to allow.

Where a defect in a declaration has been remedied by an amendment allowed after verdict, an exception founded on the defect will not be sustained on the ground that it was good at the time it was taken, because the error has been cured by the allowance of the amendment.

In an action by an administrator under R. L. c. 106, § 72, for causing the death of

the plaintiff's intestate after conscious suffering, where the intestate left no widow and to recover it was necessary to show that he left next of kin, who at the time of his death were dependent upon his wages for support, it appeared that three years before his death the intestate had a sister living to whom he had made remittances in money and that she was in feeble health. *Held*, that, the sister having been shown to have been living three years before the death of the intestate, she was presumed to have continued to live until the contrary was shown, and that from the facts that she was in feeble health and that he had made remittances to her in money it could be inferred that she relied upon his pecuniary aid for her support, a partial dependence being sufficient to satisfy the statute.

TORT by the administrator of the estate of Benedicto Taglieri, with counts at common law and under the employers' liability act, as described in the opinion, for causing the conscious suffering and death of the plaintiff's intestate while in the employ of the defendant.   Writ dated December 17, 1904.

In the Superior Court the case was tried before *Sherman*, J. There was evidence which tended to prove the following facts: The accident occurred on October 15, 1904.   The intestate was born in Italy, was about twenty-eight years of age, had been in this country about eight years and had been in the employ of the defendant for two or three years as one of the track gang on the defendant's tracks; he could not speak or understand the English language very much.   The defendant owned a power house, coal pocket, wharf, staging and hoisting apparatus situated upon one of the banks of the Merrimac River at Haverhill, and was accustomed to have its coal, which was brought up the river in barges, unloaded at the wharf by gangs of stevedores who did similar work at other coal wharves along the river.   On the day of the accident one Stevens, the division superintendent of the defendant at Haverhill, directed one McMahon, the foreman of the defendant's track gangs, to take a gang of men from work upon the tracks and do the work of unloading coal from the barge at the wharf of the defendant.   In compliance with this direction McMahon with thirteen laborers of the defendant, of whom the intestate was one, began the work of unloading at about half past seven o'clock in the morning of the day of the accident.   The barge was moored alongside the defendant's wharf, and at a height of about thirty feet above the wharf was a staging with shears, hoisting rope, coal buckets and a steam engine of the usual and ordinary construction.   The engine was

run by an engineer of the defendant, who was relieved when necessary by the defendant's fireman.  The coal, which was what is known as soft coal, was shovelled into buckets by the men on the barge, one of whom, when the bucket was filled, gave a signal to the engineer to hoist.  When the bucket reached the staging it was seized by another of the gang who drew it in and tipped its contents into wheelbarrows which were wheeled away and dumped by other workmen.  The plaintiff's intestate was one of the shovellers in the barge and the work was so arranged that while one bucket was being hoisted another was being filled by the shovellers.  McMahon stood upon the wharf doing no manual work and watching the progress of the work, but, beyond setting the men to work, he gave no directions before the accident as to the manner in which the work should be done, and Stevens was at no time about the work and had no knowledge of the way it was being done.  Neither McMahon nor any of those at work on the barge or on the staging had any previous experience in the work of unloading.  A coal staging is so arranged that it projects a little over a barge alongside the wharf.

The evidence in regard to the accident and its cause is described in the opinion.

One Cox, a witness called by the plaintiff, testified that he was by occupation a stevedore; that he had done everything in the work of unloading coal for many years and that he went to work on the barge immediately after the accident.  Against the objection of the defendant the witness was permitted to testify as an expert as to the proper method of doing the work in question and also was permitted to testify to the directions given by McMahon after the accident regarding the conduct of the work.  To the admission of this testimony the defendant excepted.

At the close of the evidence the defendant asked the judge to rule that the notice of injury was insufficient to fix a right of action in the plaintiff to recover for the cause of action declared on; that, upon all the evidence in the case, the intestate assumed the risk of accident or was not in the exercise of due care; and that the notice of injury was insufficient in that it did not set out that the plaintiff's intestate left any next of

kin. The judge then inquired whether the declaration alleged that there was next of kin, to which the counsel for the defendant replied that it contained no such allegation, and the counsel for the plaintiff said that no such allegation was necessary.

The defendant then asked the judge to rule that proof of all the allegations pleaded in the plaintiff's declaration did not entitle him to recover for the death of the intestate. The judge refused so to rule, and the defendant then asked the judge to rule that the plaintiff could not recover damages for the death if he recovered damages for suffering under the count at common law and that the plaintiff could not recover damages for the death unless he recovered damages for suffering under the statutory count and that upon all the evidence in the case the plaintiff was not entitled to recover. The judge refused to give the requested rulings and the defendant excepted.

The judge submitted to the jury the following questions:

1. Did the defendant negligently employ incompetent fellow servants for Benedicto Taglieri to work with?

2. Did the defendant negligently put Taglieri at work in a place of danger, which he did not understand and appreciate, without instructing and warning him of such danger?

3. Was Patrick McMahon acting as a superintendent at the time of the accident?

4. Was Patrick McMahon negligent in putting Taglieri at work under the circumstances which he was put at work?

5. Did Taglieri understand and appreciate the danger and risk of his employment on the day of the injury?

The jury answered questions 1, 2, 3 and 4 in the affirmative and question 5 in the negative.

The jury returned a verdict for the plaintiff in the sums of $3,000 for the death and $700 for conscious suffering.

After the verdict the plaintiff filed a motion to amend his declaration by adding thereto an allegation of dependent next of kin. The motion was allowed by the judge. The defendant excepted to the allowance of the motion. It alleged exceptions including those stated above.

*J. P. Sweeney,* for the defendant.

*C. I. Pettingell,* (*R. E. Burke* with him,) for the plaintiff.

BRALEY, J.   While at work as a shoveller in the hold of a barge unloading coal for the defendant, the plaintiff's intestate was struck by a lump of coal which fell from an ascending bucket, and after a period of conscious suffering died from the injuries received.   By the waiver of the second and fifth counts, and there being no evidence to support the third, which became immaterial by reason of the questions under which the case was submitted to the jury, the liability of the defendant finally rested upon the allegations in the first, fourth and sixth counts of the original declaration.   Of these, the first and fourth, which are at common law, alleged the employment of incompetent fellow servants, and a failure to warn or instruct the decedent of the dangers attending the work, while the sixth, under R. L. c. 106, §§ 71, 72, charges, that his injuries and subsequent death were caused by the negligence of some person who had been entrusted by the defendant with the duty of superintendence.   Before the enactment of St. 1906, c. 370, counts at common law for conscious suffering could not be joined with a count under the statute for conscious suffering followed by death, as the measure of damages is different.   *Smith* v. *Thomson-Houston Electric Co.* 188 Mass. 371.   But this statute being intended as remedial, is applicable to the present case, and the joinder of counts was permissible.   *Simmons* v. *Hanover*, 23 Pick. 188, 194.   *Commonwealth* v. *Cochituate National Bank*, 3 Allen, 42, 44.   *Rogers* v. *Nichols*, 186 Mass. 440, 443.   St. 1906, c. 370.   Before the passage of the amendatory act an executor or administrator could sue at common law for the conscious suffering of the decedent, and the measure of damages recoverable would have been limited only by the amount claimed in the writ.   But he could not recover for the death in that action.   By the amendment, the statutory action under § 72 to recover damages for conscious suffering and death is not changed, but the form of remedy has been enlarged.   In effect the amended statute is the same as if it had been originally enacted as it now appears.   After proper allegations of the death of the employee, the plaintiff may then declare for conscious suffering either by counting on the statute or as at common law.   But whichever way is taken, actions brought under § 72, since the amendment as well as before, are subject to the provisions of

§ 74, which imposes a maximum limitation of the amount recoverable, to be apportioned by the jury between the administrator and the widow or dependent next of kin. R. L. c. 106, §§ 72, 74. *Smith* v. *Thomson-Houston Electric Co., ubi supra.*

It is the first contention of the defendant that there was no evidence of its negligence. The company, whose wharf was fully equipped with the necessary mechanical apparatus, had previously hired stevedores to unload its coal from the barges. But instead of employing them upon this occasion, the division superintendent ordered one of the company's foremen " to take a gang of men from work upon the tracks and do the work." Upon the evidence, without reciting the details, the jury would have been warranted in finding that the fireman who was in charge of the hoisting engine at the time of the accident, and the " hooker on " who managed the filled bucket below the level of the platform of the staging, by reason of their inexperience were respectively incompetent to properly use and manage the hoisting apparatus. These employees, as the defendant urges, may have been physically and mentally fitted to perform their ordinary duties either of repairing tracks or in running an engine at the power station, but it cannot be said as matter of law, in the light of the testimony of the expert stevedore called by the plaintiff, and the uncontroverted description of the inefficient manner in which they performed their work at the wharf, that they were correspondingly competent in their new employment. It further could have been found that their lack of experience and skill was known to the division superintendent, with whose knowledge the defendant is to be charged, and that the accident would not have happened except for their incompetency. *Ledwidge* v. *Hathaway,* 170 Mass. 348, 350. *Cooney* v. *Commonwealth Avenue Street Railway,* 196 Mass. 11. *Baldwin* v. *American Writing Paper Co.* 196 Mass. 402. If the defendant was not required to warn the decedent of obvious dangers, yet his knowledge of our language was very imperfect, and he had been transferred from his usual employment to an entirely new field of labor. When at work in the hold he was expected to stand under the ascending bucket, from which, if not properly hoisted, coal might fall upon him. He was injured in the afternoon of the first day, and before it could be

said that from such opportunity of observation as his position afforded he must be held from experience to have known of this possible danger.   A risk of injury either from the nature of the applicances used, or the method employed in their operation even if open, may be found not to have been appreciated, where an employee hired for simple manual labor, with the performance of which he is familiar, and in connection with which machinery is not used, is suddenly put at work without instructions where machinery, even if not mechanically complicated, is being operated.   Under suitable instructions it was for the jury to say, whether the decedent's intelligence and previous experience were such, that, in setting him to perform work where he was fatally hurt, it was the defendant's duty to call his attention to the danger attendant upon his position.   The defendant offered evidence that such warning was given, but the jury, of course, were not bound to accept it as true.

There also was evidence that McMahon acted as a superintendent.   He was present as a foreman of the defendant, expressly charged to unload the barge, and overlooked the work as it proceeded.   *Murphy* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 18, 21.   *Peterson* v. *Morgan Spring Co.* 189 Mass. 576, 579.   In exercising supervision the jury could find that he either knew, or ought to have known, that the bucket which previously had come in contact as it ascended either with the scaffolding or end of the staging, was being carelessly handled, either by the " hooker on," or the engineer or his fireman, and that if this method was not remedied, or the shovellers in the hold were not warned of the danger, they might be injured from falling coal.   His failure to do either was evidence of negligence.   *Davis* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 532.   *Feeney* v. *York Manuf. Co.* 189 Mass. 336, 340.

  In this connection, the exception to the evidence that directions regarding the conduct of the work were given by McMahon after the accident may be noticed.   No recitals are given from which the scope of these directions appear.   But if incompetent when treated as in the nature of admissions, because not authorized by the defendant, the evidence being descriptive of the process used as shown by its continuance, was admissible on the

issue of his negligence. See *O'Malley* v. *Twenty-Five Associates,* 170 Mass. 471, 477; *Cloutier* v. *Grafton & Upton Railroad,* 162 Mass. 471.

It is further contended, that the decedent assumed the risk. But whatever he may have known from association or report of their fitness to perform their usual duties, he was without any previous experience of the inability of either the fireman or the " hooker on " properly to manage the hoisting machinery, except what he could have learned during the few hours that preceded the accident. It was, therefore, a question of fact, rather than of law, whether from the place where he worked he should have observed and comprehended their inefficiency. *Reardon* v. *Byrne,* 195 Mass. 146. *Cooney* v. *Commonwealth Avenue Street Railway, ubi supra.*

The remaining questions arise under the requests for various rulings, which were refused. It is a condition precedent under the statute, before any recovery can be had for his death, that the deceased servant left either a widow or dependent next of kin. *Smith* v. *Thomson-Houston Electric Co., ubi supra.* But while the rulings requested that the notice was insufficient because it did not contain such statement, and that upon all the evidence the plaintiff could not recover, were rightly refused, as the time, place and cause of the injury having been stated, nothing further was necessary, and the plaintiff had the right to go to the jury on all the counts as to conscious suffering, yet the refusal to rule, that no recovery could be had for the death of the intestate as the pleadings then stood, was wrong. *Lynch* v. *Allen,* 160 Mass. 248. *Brick* v. *Bosworth,* 162 Mass. 334. R. L. c. 106, §§ 72, 73. *Smith* v. *Thomson-Houston Electric Co., ubi supra.* The plaintiff, however, contends that this difficulty was obviated by the amended or substituted declaration allowed after verdict, which sets forth that the decedent left a sister who was dependent upon him for support. No suggestion is made that this question was not submitted to the jury, but the defendant contends that having been well taken at the time, its right to the exception cannot thus be divested. It undoubtedly was within the discretionary power of the judge either before or after verdict to allow the amendment, which in all other respects substantially conformed to the original declaration. Upon its

allowance the error was cured.    *Cogswell* v. *Hall*, 185 Mass. 455.
*Cronan* v. *Woburn*, 185 Mass. 91, 95.

It is next said, that the evidence failed to show either that
the sister was living, or that, if alive, she was dependent upon
her deceased brother.    But if shown to have been living three
years before his death, the presumption that she still lived con-
tinued until the contrary appeared, and it could have been
inferred from the evidence, that being in feeble health his
sister, to whom he had made remittances in money, relied upon
his pecuniary aid for her support.    A partial dependence is
sufficient to satisfy the statute.    *McNary* v. *Blackburn*, 180
Mass. 141, 144.    *Boyle* v. *Columbian Fire Proofing Co.* 182
Mass. 93, 101.

*Exceptions overruled.*