## AMENDMENT OF PETITION BY PLAINTIFF'S ADMINISTRATOR.

Superior Court of Cincinnati.

JAMES T. WARD v. THE L. EID CONCRETE STEEL COMPANY.

Decided, March 12, 1915.

*Amendment—Only Limitation that Original Cause of Action Must Not be Changed—Both Parties Have an Interest in a Release—And its Production May be Required for Purposes of Inspection—Sections 11363 and 11552.*

1. A pleading may be amended by interlineation even after the death of the plaintiff and the substitution of his administrator, where the amendment does not substantially change the cause of action and where it merely makes the grounds of complaint more definite and certain.

2. Where defendant pleads a release given by plaintiff's intestate in his lifetime, plaintiff may by motion require the defendant to permit an inspection thereof. Such release can not be said to be a confidential communication nor to relate exclusively to defendant's case. *Ex parte Schoepf*, 74 O. S., 1, distinguished.

*Jackson & Woodward,* for the plaintiff.
*Cohen, Mack & Hurtig,* contra.

OPPENHEIMER, J.

1. Since the institution of this action plaintiff has died, and James M. Stone, his duly appointed administrator, has been substituted as party plaintiff. He now seeks leave to amend the petition by interlineation, adding first an allegation that the board which is alleged to have broken and caused the mishap "was partly sawed out or cut in two," and by alleging that certain internal organs of the decedent, not mentioned in the petition, were affected by the fall, and by alleging that certain wages were lost to him during his lifetime.

Defendant opposes the motion upon the ground that since the original plaintiff has died, it would be improper to permit

amendments at this time. Defendant suggests that if these allegations had been made during plaintiff's lifetime his deposition might have been taken for the purpose of ascertaining certain facts; that as this information is now unavailable it would be unjust to present new allegations the truth of which defendant has had no opportunity to investigate.

We do not understand that there is any such limitation upon plaintiff's right to amend. Under favor of Section 11363 of the General Code, any pleading may be amended by inserting allegations material to the case. It is conceivable that information concerning a cause of action might frequently be obtained after the death of one of the parties; and if the pleading could not be amended by inserting allegations covering the newly-discovered facts, substantial injustice might result. We have searched the books carefully, and find no case in which the limitation for which defendant contends has been recognized. Courts are usually very liberal in the matter of permitting amendments to pleadings, and will in general impose only the limitation that the original cause of action shall not be substantially changed, nor a new cause of action introduced. Under the decisions in this state even a change in the nature of the claim or defense is permitted provided such change is not attempted after testimony is introduced. This is true even though the amendment be inconsistent with the original petition (*Root* v. *R. R.*, 45 O. S., 222; *Raymond* v. *R. R.*, 57 O. S., 271). And where the amendment is made for the sole purpose of making the grounds of complaint in a tort action more definite and certain it should unquestionably be permitted. *Ry. Co.* v. *Burnham*, 123 Ia., 28; *Smith* v. *Electric Co.*, 188 Mass., 371.

2. The second question which is now presented is of more difficulty. Defendant in its answer pleads a release given by Ward to it on June 17th, 1911, in which he is alleged to have discharged it of all claims and demands growing out of the mishap. Plaintiff now files a motion to require defendant to permit an inspection of this release. Defendant refuses to accede to this demand upon the ground that the release is "a pure de-

fense'' which, under the doctrine of the case of *Ex parte Schoepf* 74 O. S., 1, it can not be required to produce. Section 11552 of the General Code of Ohio provides that ''either party &ast; &ast; &ast;, may demand of the adverse party an inspection and copy &ast; &ast; &ast; of a book, paper or document in his possession, or under his control, containing evidence relating to the merits of the action or defense, specifying the book, paper or document with sufficient particularity to enable the other party to distinguish it.'' This statute is applicable to all classes of cases, whether they are tried by the court or by a jury. It gives substantially the same relief as was formerly administered in chancery by a bill of discovery (*Mill Co.* v. *Guaranty Co.*, 11 C.C. [N.S.], 443). The rule in chancery, however, was never extended so far as to permit a discovery of any facts or documents which were not material or necessary to plaintiff's case. Plaintiff could not require the defendant to disclose to him the manner in which he expected to establish his defense, nor to give evidence which related exclusively to his (defendant's) case, but the plaintiff was at all times permitted under the chancery practice to require a disclosure of those documents in which both parties had an interest, such as contracts and agreements.

In the case at bar it seems that the release set up by the defendant is a document of the character last mentioned. It is alleged to have been executed by plaintiff himself, therefore it can not be looked upon as something the character of which is secret, and the contents of which plaintiff had no right to know. It is a document originally executed by plaintiff for a valuable consideration, and delivered to defendant. While it is of evidentiary value to defendant, and while it may form the basis of his defense, there are circumstances under which it might not refer or relate exclusively to defendant's case. For example, if plaintiff were to have alleged in his petition that a release had been given which was voidable, and if he were to seek to have it set aside, as he would be required to do under those conditions set out in the case of *Perry* v. *O'Neil*, 78 O. S., 200, he might undoubtedly allege that the release was in the possession

of defendant and require its production.  So in this case, the plaintiff having died, it seems to be proper for his representative to require the production of the document which he is said to have executed for the purpose of identifying the signature and ascertaining the contents.

The Schoepf case can not be said to go further than the facts demand.  It grew out of an attempt to require the defendant to produce a confidential report of an accident made by him in accordance with a rule of his employer, and containing the names of witnesses.  This attempt was made in the course of a "fishing expedition."  The decision was indeed contrary to the line of authorities even in such cases (see case note in 6 L.R.A.[N.S.], 325).  It will certainly not be carried further than its facts require, and made to extend to a document executed by plaintiff, but in defendant's possession or under his control.

The motion to require production of the release will therefore be granted.