JESSIE W. GERRY, administratrix, *vs.* WORCESTER CON-
SOLIDATED STREET RAILWAY COMPANY.

SAME *vs.* SAME.

Worcester. January 23, February 7, 1924. — April 15, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability, Causing death. *Death. Practice, Civil,*
Separate actions for causing conscious suffering and for causing death,
Exceptions. *Evidence,* Violation of rule as evidence of negligence,
Admissions, Report to Industrial Accident Board. *Corporation,*
Officers and agents, Oral rules. *Agency,* Admission by agent.

Where negligence of an employer causes the death of an employee follow-
ing conscious suffering, the administrator of the estate of the deceased
employee can elect either to bring an action under G. L. c. 229, § 7, to
recover for the causing of the death and conscious suffering in one
action, or to bring an action at common law for conscious suffering
only.

Where the administrator of the estate of an employee, whose death after
conscious suffering had been caused by negligence of employer, brings
an action under G. L. c. 229, § 7, in which he alleges that the death
followed conscious suffering but claims damages only for the death,
and also brings an action at common law for the conscious suffering,
and, at the close of the evidence at the trial of the actions together, re-
fuses to submit to the jury in the action for causing the death the
question of damages to be recovered for conscious suffering, it is proper
for the trial judge to order a verdict for the defendant in the action for
causing death.

Where the death of an employee followed conscious suffering, and both were caused by negligence of the employer, an action cannot be maintained under St. 1909, c. 514, § 128, for damages only for the causing of the death.

At the trial of an action of tort at common law for personal injuries received by an employee of the defendant, a street railway company, which was not a subscriber under the workmen's compensation act, there was evidence tending to show that the employee was directed to take a work car, hitch it to a flat car that was on a side track, and get a load of sand; that he went to the rear of a double truck car which was in front of the flat car and that, as he placed the trolley on the wire, the car moved back against him and injured him; that the handles of the motor were turned on the car; that the switch on a pole at the junction of the siding with another track was turned on; that the car could not be started by touching the trolley with the wire if the switch was off, if the controller was off, if the reverse lever was off or in neutral, or if the switch at the head of the siding was off; that the double truck car had been on the siding for over ten days preceding the accident; and that the printed rules of the defendant prohibited the leaving of a car on a siding without properly securing it, or the leaving of a car " without taking reverse handle " off, and required that cars left at the station or ·yards were to have the wheels blocked if brakes were found deficient. *Held,* that there was evidence for the jury on the question of the defendant's negligence.

At the trial of the action above described, a motorman formerly in the defendant's employ should not be permitted to state the purpose of an instruction given to him by his employer, where there is no evidence to show that he had any authority to bind the defendant by showing the purpose of such instruction.

In an action of tort for personal injuries by an employee against a street railway company, evidence of the existence of rules given only orally by the defendant to its employees should not be admitted for the purpose afterwards of showing a violation of such rules as tending to establish negligence for which the defendant was accountable.

In an action of tort for personal injuries by an employee against a street railway company, evidence of a regulation of the public service commission requiring all street railway cars to be equipped with a device for sanding rails, and with hand brakes in good condition, is immaterial and inadmissible where it does not appear that such regulation had any connection with the issues on trial.

At the trial above described, it was improper to instruct the jury, " If the defendant, or its officers, failed to make or enforce what you may find to be necessary rules for the proper method of storing of its cars, this is some evidence of negligence on the part of the defendant," since under this instruction the jury could have found negligence because of the want of a rule, while finding that the violation of a rule did not contribute to the injury.

At the trial of the action above described, where it appeared that there was no evidence warranting a finding that the defendant had not employed a sufficient number of capable workmen to inspect the cars for

the enforcement of rules and to maintain cars in proper repair, it was error to give a ruling, based upon an assumption that such evidence was before the jury.

Reports, made by an employer to the Industrial Accident Board as required by G. L. c. 152, § 19, are not public records under G. L. c. 66, § 10, were not intended by the Legislature to be used in evidence in proceedings other than those before the board, are in the nature of private communications, and should not be admitted in evidence in an action of tort for personal injuries against the employer.

TWO ACTIONS OF TORT by the administrator of the estate of Horatio H. Gerry, the first (numbered 21,251 in the Superior Court) to recover for the causing of the death of the plaintiff's intestate which, it was alleged in a substitute declaration, " was not instantaneous; " and the second (numbered 21,252 in the Superior Court) being alleged in a substitute declaration to be " brought solely under the plaintiff's common law rights and R. L. c. 171, and St. 1911, c. 751, and acts in amendment thereof." Writs dated January 19, 1921.

In the Superior Court, the actions were tried together before *Weed,* J. Material evidence, rulings and instructions by the trial judge and exceptions by both parties are described in the opinion. In the first action, a verdict was entered for the defendant by order of the trial judge, and the plaintiff alleged exceptions. In the second action, there was a verdict for the plaintiff in the sum of $16,458. The defendant alleged exceptions.

*J. Clark, Jr.,* (*J. A. Crotty* with him,) for the plaintiff.

*C. C. Milton,* (*F. L. Riley* with him,) for the defendant.

CARROLL, J. The first of these actions (No. 21,251) is brought under St. 1909, c. 514, St. 1915, c. 179, G. L. c. 229, § 7, to recover for the death of Horatio H. Gerry, who was injured while in the defendant's employment on October 1, 1920, and died fifty-two days thereafter as a result of these injuries. The second action (No. 21,252) is at common law to recover for his conscious suffering. The two cases were tried together. The defendant's motion that the cases be consolidated was filed before the cases were opened. This motion was denied. Prior to the conclusion of the evidence the plaintiff filed a substitute declaration in the first action, subject to the defendant's objection. The

trial judge allowed the defendant's motion for a directed verdict in the first action, on the grounds that the injuries resulted in death, that the death was preceded by conscious suffering, that the plaintiff sought in this action to recover for death alone; and because the plaintiff refused to submit to the jury in that action the question of damages to be recovered for conscious suffering. To this ruling the plaintiff excepted.

In the second action the plaintiff recovered a verdict for conscious suffering. The cases are before us on the plaintiff's bill of exceptions in the first action, and the defendant's exceptions in the second action.

In the first action, under the statute the plaintiff's substitute declaration alleged that it was to recover for the death of the plaintiff's intestate. The plaintiff sought to recover for conscious suffering in the second or common law action. The plaintiff's right to recover for death is based on St. 1909, c. 514, § 128, known as the employer's liability act. At common law there was no recovery for death. The right to recover for death arose because of statutory enactments. When the employer's liability act was first enacted there was no recovery for death unless it was instantaneous. The statute was subsequently amended so as to include cases where the decedent suffered consciously before death. " By this double procedure the maximum amount recoverable is limited. Whatever sum is awarded must be apportioned by the jury, which gives to an administrator the damages assessed for personal injuries to his intestate, and to the widow, or to those entitled if the deceased leaves no widow, damages for death assessed according to the degree of culpability of the employer." *Smith* v. *Thomson-Houston Electric Co.* 188 Mass. 371, 376. It was intended by the statute, in giving a remedy for the death of an employee preceded by conscious suffering, that the amount recovered should not exceed the statutory limit. The plaintiff could pursue her remedy at common law and recover for her husband's conscious suffering; but if she elected so to do she has no remedy under the statute in question, and a recovery thereunder would bar her re-

covery at common law in the separate action. See *Clare* v. *New York & New England Railroad,* 172 Mass. 211, 212, 213.

To recover for death under this particular statute the procedure there indicated must be pursued; and if death is preceded by conscious suffering, there must be a recovery for both the suffering and the death. The damages for the death are to be determined according to the culpability of the defendant, and are to be paid to the widow, or to those entitled if there is no widow. The statute directs that damages for death preceded by conscious suffering, were to be recovered together with the damages for the conscious suffering, in one action; and all damages, if relief under this statute is sought, are to be recovered in that action. As was said in *Smith* v. *Thomson-Houston Electric Co. supra,* at page 377, " It is the object of this section in requiring a joinder to avoid multiplicity of suits, and to keep the entire damages recoverable within the imposed restriction."

There can be no recovery for death alone, under St. 1909, c. 514, § 128, when the death is instantaneous. If preceded by conscious suffering, the remedy given includes damages for the suffering and the death. The evidence is undisputed that the decedent consciously suffered, and the substitute declaration alleged that the death was not instantaneous; as it was drawn solely to recover for the death of the employee, there could be no recovery under these circumstances. See *Clare* v. *New York & New England Railroad, supra; Bartley* v. *Boston & Northern Street Railway,* 198 Mass. 163; *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273. It follows that the verdict for the defendant in the first action was ordered rightly; and the plaintiff's exceptions in that case are overruled.

The defendant was not a subscriber under the workmen's compensation act. The plaintiff's intestate was a conductor in the employ of the defendant. On the morning of October 1, 1920, he was directed to take a work car " and hitch onto the flat car that was out on " one of the sidetracks, and get " a load of sand." He went to the rear of

a double truck car which was in front of the flat car; and as he placed the trolley on the wire, the car moved back against him, inflicting the injuries which caused his death. There was evidence that the handles were turned on this car; that the switch on the pole at the fork of the siding was on, that the car could not be started by touching the trolley with the wire, if the switch was off, if the controller was off, if the reverse lever was off or in neutral, or if the switch at the head of the siding was off. There was some evidence tending to show that the double truck car had been on the siding since September 18 preceding the date of the accident. The printed rules prohibited the leaving of a car on a siding without properly securing it, or leaving a car " without taking reverse handle " off, and cars left at the station or yards were to have the wheels blocked if brakes were found deficient. Without attempting to repeat all the evidence, in our opinion there was evidence for the jury on the question of the defendant's negligence. *Pope* v. *Heywood Brothers & Wakefield Co.* 221 Mass. 143. *Bernabeo* v. *Kaulback,* 226 Mass. 128. *Gayton* v. *Borsofsky,* 230 Mass. 369.

A motorman formerly in the defendant's employment was asked by the plaintiff if he had received instructions as to what was to be done with the controller lever or reverse lever when a car was taken to a sidetrack. His reply was that the handle was to be taken to the despatcher's office. He was then asked, subject to the defendant's exception, what the purpose of the instruction was, and replied, " So the cars could not be moved out in the yard, because there were children that used to play around there." Even if the testimony regarding these instructions were admissible, there is nothing in the evidence to show that the witness had any authority to bind the defendant by showing the purpose of the instructions. This evidence was not admissible. See *Crowley* v. *Boston Elevated Railway,* 204 Mass. 241, 246. *Howard* v. *New York, New Haven & Hartford Railroad,* 236 Mass. 370.

In various parts of the evidence it appears that the plaintiff was permitted to inquire concerning oral rules. The

defendant excepted to this line of testimony. In *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476, printed rules were held to be admissible. In *Larson* v. *Boston Elevated Railway*, 212 Mass. 262, the admissibility of testimony as to oral rules was left undecided. The existence of written or printed rules can be easily established. Oral rules resting in the memory or recollection of witnesses might be difficult to prove. Evidence concerning them might be uncertain and contradictory, and would tend to prolong the trial of a case and divert the attention of the jury from the issues involved. A rule for the guidance of employees in matters affecting the safety of others must be made known to them; it must be published. In such an important matter, where the safety of the public as well as that of the employees themselves is affected, it would be unwise to permit evidence of the existence of oral rules. In our opinion a rule of this kind, concerning the operation of an important business, is not admissible unless printed or written and published, so that the employee can be certain of its existence and be able easily to refer to it. This evidence of oral rules was not admissible.

The plaintiff introduced, against the exception of the defendant, a regulation of the public service commission requiring all street railway cars to be equipped with a device for sanding rails, and with hand brakes in good condition. The provision relating to the sanding of the rails had no connection with the issues in the case, and the regulation regarding the condition of the brakes was not material. If there were evidence that the brakes were defective and this contributed to the accident, it would have some bearing on the question of the defendant's negligence. But the regulation of the commission was not important. It was not material and was inadmissible.

The judge instructed the jury, as requested by the plaintiff in the sixteenth request, that if one of the employees of the defendant left the car on the siding in violation of any rule, written or oral, this was evidence of negligence. Oral rules were not admissible in evidence and the jury could not base the negligence of the defendant on the violation of such a

rule. For this reason there was error in giving the sixteenth request.

The jury were further instructed, " If the defendant, or its officers, failed to make or enforce what you may find to be necessary rules for the proper method of storing of its cars, this is some evidence of negligence on the part of the defendant." The defendant was liable for its negligence. Under this instruction the jury were authorized to find the defendant negligent merely because it failed to make a rule which the jury considered necessary for the storing of cars. In the form in which it was given, the jury could have found negligence because of the want of a rule, although the violation of the rule may not have contributed to the injury. There was error in this instruction as given.

The jury were also instructed, " If the defendant failed to employ a sufficient number of capable workmen to inspect said cars, for the enforcement of rules and to maintain said cars in proper repair this is some evidence of negligence."

There was no sufficient evidence of negligence to support this request. It should not have been given.

Against the defendant's exception, the report of the accident made to the Industrial Accident Board by the defendant was admitted in evidence. This report was signed by the defendant's claim agent. G. L. c. 152, § 19, provides that every employer of labor shall keep a record of all injuries received by his employees; within forty-eight hours after the occurrence of an injury a written report thereof is to be made to the Industrial Accident Board, and reports are to be made during the progress of the injury and at its termination. The reports are required to contain the name and nature of the business of the employer; the name, sex, age and occupation of the injured employee; the nature and cause of the injury; " and .other information required by the department." An employer refusing or neglecting to file such a report is to be punished by a fine of not more than $50. By St. 1913, c. 746, there was added to the statute this provision: " Copies of all reports of injuries filed by employers with the industrial accident board and all statistics and data compiled therefrom shall be kept avail-

able by the said board, and shall be furnished on request to the State board of labor and industries for its own use." It is the contention of the plaintiff that this report of the accident was an admission by the defendant, and was admissible on this ground. The report to the Industrial Accident Board was required by the statute for the purpose of aiding that board in its administrative duties; and by the amendment referred to, the reports were also available to the State Board of Labor and Industries. But there is no provision in the statute giving the right to the public to inspect the reports or providing for their use, except as declared in the statute; the only provision relating to their availability is that referring to the State Board of Labor and Industries. These reports could not be called public records under G. L. c. 66, § 10, requiring the custodian of public records to permit their inspection and to furnish copies thereof on payment of a reasonable fee. In many cases returns made to public boards by individuals are admissible in evidence, when not made inadmissible by statute. See *Brackett* v. *Commonwealth*, 223 Mass. 119; *Union Glass Co.* v. *Somerville*, 228 Mass. 202, 204. Schedules of an insolvent debtor in an action against him have been held to be admissible. *Simpson* v. *Carleton*, 1 Allen, 109. *Wellington* v. *Jackson*, 121 Mass. 157. See *Batchelder* v. *Home National Bank of Milford*, 218 Mass. 420, 424. See also in this connection *Casey* v. *Boston & Maine Railroad*, 231 Mass. 529; *Commonwealth* v. *Slavski*, 245 Mass. 405. The report, however, was made to the Industrial Accident Board by the employer merely to aid it in the administration of its duties; it was not intended that these reports of accidents should be used as evidence in independent proceedings, and the statements contained in them allowed in evidence as admissions against the employer when sued in an action at law. The information, sought by the Industrial Accident Board, must be assumed to be of value and importance to the board. It relates to the time and place of the accident, the insurance carried by the employer and the reservation of common law rights of the workman, if made. The wages of the employee are asked for and the fullest details concerning the

cause of the injury and its nature are to be supplied. It was required by the defendant under a penalty of $50 if he failed to comply with the statute. In giving this information to the Industrial Accident Board, the defendant's report was in the nature of a privileged communication; and although not expressly privileged by the words of the statute, it was not intended that these reports should be availed of in an action at law arising out of the subject matter of the suit. Their purpose was fully served when the Industrial Accident Board received all the information required for the administration of the workmen's compensation law. It might cause serious embarrassment to the board in obtaining the necessary information, if these reports could be considered as admissions to the employer's prejudice in proceedings at law. It would, in our opinion, be unfair to the parties and contrary to the meaning of the statute to allow the reports of the accident as an admission against the defendant. It would tend to defeat the purpose of the statute and prevent the complete disclosure required by the Industrial Accident Board. This exception is sustained.

As the questions raised by the remaining exceptions of the defendant to the rulings and refusals to rule, are not likely to occur in the same form at another trial, we do not consider them.

In the second action the defendant's exceptions are sustained; in the first action the plaintiff's exceptions are overruled, but judgment is to be suspended in the first action until the determination of the second action.

*So ordered.*