SARAH M. HOWARD, administratrix, vs. FALL RIVER IRON WORKS COMPANY.

Bristol.    June 22, 1909. — October 19, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability. *Statute,* Construction. *Practice, Civil,* Declaration, Verdict, Exceptions, Amendment. *Damages,* Remission.

In an action by a workman in a mill against his employer for personal injuries from the falling of a grease cup upon his head, there was evidence warranting a finding that a sagging of the floor of the mill had caused a settling of an overhead shaft to which the cup was attached and a disturbance of its alignment, in consequence of which there had been a shaking or jarring of the cup in its bearings, which had resulted in its fall. It also could have been found that the sagging of the floor and the consequent disturbance of the shaft had lasted so long that the defendant ought to have known of the defect and have remedied it, and was negligent in not having done so. The defendant contended that the plaintiff had assumed the risk of the accident. *Held,* that, although the plaintiff might have been aware of the sagging of the floor of the mill, he could not from that fact be charged absolutely with notice that the sagging was likely to cause the grease cup to fall upon him, and that it was a question for the jury whether the risk of such an accident was so obvious that the plaintiff must be taken to have assumed it.

St. 1906, c. 370, permitting a count at common law against an employer for the conscious suffering of an employee of the defendant from an accident resulting in his death to be joined with a count under R. L. c. 106, § 72, for causing his death, is a remedial statute relating merely to the form of procedure by which existing rights are to be enforced and applies to actions which were pending at the time of its passage as well as to those which were brought after it took effect.

Where the plaintiff in an action of tort against his employer for personal injuries dies before the case is tried and the administrator of his estate is admitted as a party to prosecute the action, whether under R. L. c. 106, § 72, as amended by St. 1906, c. 370, now St. 1909, c. 514, § 128, the new plaintiff should be allowed, against objection, to amend his declaration by adding a count for the death of his intestate, here was not passed upon, as it did not appear that any objection was made to the allowance of the amendment and no contention was presented that the administrator could not recover in that action for the death of his intestate because it occurred after the action was brought.

Under R. L. c. 106, § 74, now St. 1909, c. 514, § 131, providing that the damages recoverable from an employer for causing personal injury to and the death of an employee cannot exceed in all $5,000, if a jury in such an action return a verdict for an administrator in the total amount of $6,000 and apportion $4,000 for the death and $2,000 for the conscious suffering of the plaintiff's intestate, and afterwards the plaintiff remits $1,000 of this amount, which is applied by deducting one sixth part from each of the sums apportioned, the error of the

presiding judge in allowing the recovery of the larger sum is cured by the remission of the excess.

In an action by an administrator against the employer of his intestate for causing personal injuries to and the death of the intestate, in which the jury returned a verdict for the plaintiff, it appeared that the presiding judge had erred in failing to instruct the jury that the damages for the death were to be assessed with reference to the degree of the defendant's culpability, but it also appeared that the only ruling on the question of damages asked for by the defendant was that the amount which the plaintiff could recover was limited to $5,000. The bill of exceptions, after quoting the charge, stated that "the defendant's counsel excepted generally to so much of the charge as related to damages, but did not call to the court's attention, or make any particular request for rulings relating to the assessment of damages with reference to the degree of culpability of the employer," that "the court then asked if there were any objections by either party to the charge as given other than those indicated and he was informed that there were none," and that "the case was submitted to the jury on instructions not otherwise excepted to." At the end of the bill of exceptions it was stated that the defendant excepted to so much of the " charge relating to damages as was inconsistent with the defendant's requests for rulings." *Held*, that upon this bill of exceptions the defendant could not complain of the judge's failure to instruct the jury to assess damages for the death with reference to the degree of the defendant's culpability, an omission which probably was due to inadvertence and was not inconsistent with any request made by the defendant.

SHELDON, J. This action was brought originally by the plaintiff's intestate to recover for personal injuries sustained by him while in the employ of the defendant. His declaration was in two counts, the first of which was under R. L. c. 106, § 71, cl. 1, for a defect in the ways, works and machinery of the defendant. Upon his death after bringing the action, the present plaintiff, the administratrix of his estate, came in to prosecute the action. She was allowed to file additional counts, one of which (the third) was at common law, for the alleged negligence of the defendant in setting the deceased to work in a dangerous place without proper warning, and another (the fifth) was for his death, under R. L. c. 106, § 72, as amended by St. 1906, c. 370, now St. 1909, c. 514, § 128. It does not appear whether any objection was made to the allowance of this amendment; but it is not contended that the court did not have a right to allow it. Only the three counts which have been mentioned were submitted to the jury. The jury returned a verdict for the plaintiff for the total amount of $6,000, and apportioned $4,000 for the death and $2,000 for the conscious suffering of the intestate; but the plaintiff afterwards remitted $1,000 of

this amount, deducting one sixth part from each of the sums mentioned. Various questions are raised upon the defendant's exceptions, which we consider in the order in which they are stated in the defendant's brief, treating all other exceptions as waived.

1. The jury had a right to find that the injury to the plaintiff's intestate was due to the falling of a grease cup, point downward, upon his head, by reason of a sagging of the floor of the mill, causing a settling of the shaft, to which the cup was attached, and a disturbance of its alignment and, in consequence thereof, a shaking or jarring of the cup in its bearings such as to result in its fall. It also could be found that this sagging and the disturbance of the shaft had lasted so long that the defendant ought to have known of it and remedied it, and was negligent. The defendant's argument that the cause of the injury was not proved, but was left to conjecture, was for the jury, and no doubt was impressed upon them and considered by them. But the testimony of the declarations of the deceased (R. L. c. 175, § 66) with the other evidence in the case made this a question for the jury.

2. It could not be said as matter of law that the plaintiff's intestate had assumed the risk of this accident. He may have been aware of the sagging of the floor of the mill. But he cannot be charged absolutely with notice that this sagging was likely to cause the grease cup to fall upon him. It was for the jury to say whether this risk was so obvious that he must be taken to have assumed it. The circumstances considered in *Donahue* v. *Washburn & Moen Manuf. Co.* 169 Mass. 574, and *Goldthwait* v. *Haverhill & Groveland Street Railway*, 160 Mass. 554, relied on by the defendant, are wholly unlike those now before us.

3. As already has been stated, the jury could find that this injury was due to the negligence of the defendant in failing to remedy seasonably the sagging of the floor. For this negligence, the defendant would be liable alike at common law and under R. L. c. 106, § 71, cl. 1.

4. But the defendant contends that the plaintiff could not recover upon her count at common law; that she had not the right to join a common law count for conscious suffering with a count under the statute for the death of her intestate. This

was so before the passage of St. 1906, c. 3,70. *Brennan* v. *Standard Oil Co.* 187 Mass. 376. This injury occurred on February 16, 1906; this action was brought on April 7, and the plaintiff's intestate died April 19 of the same year, — before the statute above referred to took effect. The defendant contends that this statute should not be given a retrospective effect, and so that the rule of the Brennan case (187 Mass. 376) should be applied here. But this is a remedial statute, and we have heretofore decided that it applies to actions which were pending at the time of its passage as well as to those which were brought after it had taken effect. *Bartley* v. *Boston & Northern Street Railway,* 198 Mass. 163, 168, and cases cited. It relates merely to the form of procedure by which existing rights are to be enforced. Upon familiar principles it must be applied also to causes of action which had already accrued when the statute was passed. *Selectmen of Amesbury* v. *Citizens Electric Street Railway,* 199 Mass. 394, 395, and cases cited.

These exceptions do not present any contention that the administratrix, by reason of the fact that the death of the intestate occurred after action brought, could not recover in this action for the death. We need not consider whether such a contention could be sustained. It does not appear to have been made in the trial court. Apparently both parties preferred to have all questions settled in this action.

5. It is not material whether the amount assessed for the conscious suffering of the plaintiff's intestate was found upon the first or the third count of the declaration. The defendant's liability was the same, and (subject to the statutory limitation of the amount recoverable to $4,000, which is immaterial here) the measure of damages was the same upon either count. And we already have seen that the plaintiff's right of recovery upon the fifth count was not affected by this question.

6. It is true, however, that the plaintiff could not recover in all more than $5,000. *Bartley* v. *Boston & Northern Street Railway,* 198 Mass. 163, 168, 169. It is this sum which is to be apportioned by the jury, so as to give, so far as may be, compensation for the conscious suffering and damages for the death assessed according to the culpability of the defendant. *Smith* v. *Thomson-Houston Electric Co.* 188 Mass. 371, 376. But the

error of the judge in allowing the recovery of a larger sum was cured by the *remittitur* afterwards filed by the plaintiff. *Long* v. *Lamkin*, 9 Cush. 361.

The judge also erred in not instructing the jury that damages for the death were to be assessed, not upon the general principle of compensation, but with reference to the degree of the defendant's culpability. But the only ruling on the question of damages asked for by the defendant was that the amount which the plaintiff could recover was limited to $5,000. The bill of exceptions stated that at the end of the charge " the defendant's counsel excepted generally to so much of the charge as related to damages, but did not call to the court's attention, or make any particular request for rulings relating to the assessment of damages with reference to the degree of culpability of the employer. The court then asked if there were any objections by either party to the charge as given other than those indicated and he was informed that there were none. The case was submitted to the jury on instructions not otherwise excepted to." The defendant cannot now complain of the failure of the judge to instruct the jury as to the assessment of damages for the death. Its exceptions must be limited, as is stated at the end of the exceptions, to so much of the "charge relating to damages as was inconsistent with the defendant's requests for rulings." *Henderson* v. *Raymond Syndicate*, 183 Mass. 443. *Dixon* v. *New England Railroad*, 179 Mass. 242, 249. *Barker* v. *Loring*, 177 Mass. 389. *Brick* v. *Bosworth*, 162 Mass. 334, 336. If the construction of the exceptions were otherwise doubtful, this would be made certain by the language used in the last sentence of the bill. In that sentence, the defendant, obviously for the purpose of showing just what questions were then intended to be saved, recapitulates the several rulings to which exceptions were taken. As to damages, this is merely " to so much of the foregoing charge relating to damages as was inconsistent with the defendant's requests for rulings. " But the judge's failure to instruct the jury to assess damages for the death with reference to the degree of the defendant's culpability, an omission probably due to inadvertence, was not inconsistent with any request made by the defendant.

This omission was not brought to the judge's attention, as

was done in *Brick* v. *Bosworth,* 162 Mass. 334, 338.   It does not appear that the evidence was insufficient to sustain the verdict, as it was in *Brightman* v. *Eddy,* 97 Mass. 478.   No instruction given to the jury (with the exception of the one as to the limit of damages, which as we have seen is now immaterial) was erroneous in its application to the case, as in *Pond* v. *Williams,* 1 Gray, 630.   The verdict might have been the same if proper instructions had been given; and so the cases last mentioned are inapplicable.

*Exceptions overruled.*

The case was submitted on briefs.

*D. F. Slade,* for the defendant.

*L. E. Wood,* for the plaintiff.