PATRICK BOYLE *vs.* SIMON J. DONOVAN.

Suffolk.     January 16, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action by a longshoreman against his employer for personal injuries alleged to have been received, while the plaintiff was assisting in unloading bales of cotton from a vessel into the second story of a warehouse,

by reason of negligence of a superintendent of the defendant or of a defect in the ways, works or machinery used by the defendant, there was evidence that the plaintiff in the course of his duties was upon a staging built under the direction of the superintendent opposite the second story of the warehouse and that a crosspiece near the outer end of the staging was not fastened to the standards; that the bales under the superintendent's direction were being hoisted from the deck of the vessel by a winch, the hoisting cable from a boom running down so near to the end of the staging that the bales had to be given a swinging push by the "hooker-on" from the deck of the vessel to prevent their hitting the staging, that the use of a guy rope would have prevented the bales from hitting the staging, and that no guy rope was used. The accident was caused by an ascending bale striking the end of the staging, lifting or tipping it and causing it to fall with the plaintiff. There also was evidence that the plaintiff had helped to put up the staging and knew of its supports; but there was no evidence that a similar accident ever had occurred before, and the plaintiff testified that he never before had seen such an accident. *Held*, that the questions, whether the superintendent of the defendant was negligent, whether there was a defect in the ways, works or machinery for which the defendant was chargeable, and whether the plaintiff had assumed the risk of the injury, all were for the jury.

An employee cannot be held to have assumed the risk of an injury which he receives unless he knew and appreciated, or ought reasonably to have known and appreciated, the danger of it.

MORTON, J. This is an action of tort under the employers' liability act to recover for personal injuries received by the plaintiff while in the defendant's employment as a longshoreman at the "Hoosac Tunnel Docks" so called, in Charlestown. The declaration was in two counts, the first alleging gross negligence of the defendant and negligence of a superintendent, and the second alleging a defect in the ways, works or machinery. The trial judge* ruled and instructed the jury that there was no evidence of gross negligence, and submitted the case to the jury on the negligence of the superintendent and the defect in the ways, works or machinery. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the trial judge to rule as requested, and to the charge so far as inconsistent with the instructions requested.

We think that there was evidence of negligence on the part of the superintendent or foreman and of a defect in the ways, works or machinery.

At the time of the accident the defendant was engaged in unloading cotton from a steamer and storing it in the loft of

---

* *Hardy, J.*

a building on the wharf. The bales were hoisted from the hold by one winch to the main deck and from the main deck to a movable stage running into the loft by another winch. The plaintiff was on the stage trucking the cotton into the loft, having been directed by the defendant's foreman to go to work there shortly before the accident. As one of the bales was hoisted up it struck the corner or end of the stage, lifting it up or tipping it and causing it to fall with the plaintiff upon it. The hoisting rope to which the bale was fastened was rigged upon the head or end of a boom upon one of the masts. The boom was so adjusted that the rope came down close to the end of the stage and the bales were liable to strike the stage as they were hoisted up unless given a swinging push by the "hooker-on" as he was called, who was on the deck of the vessel. There was no tag or guy rope to guide the bales. The defendant's superintendent or foreman had charge of the work of unloading, and directed where the boom should be swung and the stage should be placed, and we think that it could have been found to be negligent on his part to place the boom or allow it to be placed so that the bales were liable to strike the stage as they were hoisted up, and to have no tag or guy rope to guide them. We think that it also could have been found that the crosspiece on which the outer end of the stage rested should have been securely fastened in some way to the standards by which it was supported, and that not to have it so fastened was a defect in the ways, works or machinery. The question in each instance was, it seems to us, for the jury.

The defendant contends that the plaintiff assumed the risk. The plaintiff was an experienced longshoreman, having been in the business since 1882, and was familiar with the method of unloading cotton. He had helped to run out the stage on the morning of the accident and knew how it was supported. But there was no evidence that a similar accident had ever occurred before. The plaintiff testified that he never had seen such an accident except at the time when he was hurt. The stage was very heavy, weighing, as there was evidence tending to show, from a ton to a ton and a half. In addition there was the weight of the men and their trucks and a bale of cotton kept on the stage to render the loading of the trucks easier. The

probability is that if the possibility of such an accident occurred to any one, the weight of the stage and what would be on it was deemed sufficient to prevent it. The real fact, however, probably was that the possibility of such an accident did not occur to any one, and if it did not we do not see how it can be ruled as matter of law that the risk was an obvious one and that the plaintiff assumed it. A plaintiff cannot be held to have assumed the risk unless he knew and appreciated it or ought reasonably to have known and appreciated it. See *Ford* v. *Fitchburg Railroad,* 110 Mass. 240; *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273.

It was for the jury to say whether taking all of the circumstances into account the defendant was at fault, and whether taking the plaintiff's experience into account the risk was so common and obvious that he assumed it.

*Exceptions overruled.*

*W. B. Farr,* for the defendant.
*G. W. Reed,* for the plaintiff.