DANIEL MAHONEY, administrator, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 15, 1912. — November 27, 1912.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Exceptions. *Evidence*, Remoteness. *Negligence*, Evidence of negligence on other occasions.

In an action by an administrator for causing the death of the plaintiff's intestate, who was a child less than three years of age, the jury returned a verdict for the plaintiff, and the plaintiff, deeming the amount of the verdict insufficient, alleged exceptions to the admission of certain evidence introduced by the defendant to show negligence on the part of the mother of the plaintiff's intestate who was in charge of her at the time of the accident. *Held*, that it was not necessary to consider the competency of the evidence, because it had no bearing on the question of damages and its admission could not have injured the plaintiff.

In an action by an administrator against a corporation operating a street railway

for causing the death of the plaintiff's intestate by alleged negligence in the operation of a car of the defendant, it is proper for the presiding judge to exclude upon the issue of damages the question, asked by the plaintiff on the cross-examination of a witness called by the defendant, referring to the operation of cars at the place of the injury, "What have you noticed as to cars going along that particular stretch?" Because the only culpability of the defendant's servants material upon the question of damages is negligence upon the occasion when the accident occurred.

Tort, by the administrator of the estate of Margaret Mahoney, for causing the death of the plaintiff's intestate, a child two years and eleven months of age, on July 15, 1910, on North Beacon Street in that part of Boston called Brighton, by alleged negligence in the operation of an electric street railway car of the defendant. Writ dated October 3, 1910.

At the trial in the Superior Court before *Morton,* J., the jury returned a verdict for the plaintiff in the sum of $500; and the plaintiff alleged exceptions, relating solely to the alleged wrongful admission of certain evidence introduced by the defendant and the alleged wrongful exclusion of a question asked by the plaintiff on the cross-examination of a witness called by the defendant, both of which are described sufficiently in the opinion.

*J. E. Crowley,* for the plaintiff.

*F. Ranney & T. Allen, Jr.,* for the defendant, were not called upon.

Rugg, C. J. This is an action of tort to recover for the death of the plaintiff's intestate, a child too young to be capable of exercising care for her own safety, caused by the negligence of the defendant's servants or agents in charge of its cars. Certain evidence tending to show carelessness on the part of the mother, who was in charge of the plaintiff's intestate, was admitted subject to the plaintiff's exception. It is not necessary to discuss the competency of the evidence for it is plain that even if wrongly received the plaintiff has suffered no harm. The verdict was in his favor. The jury must have found that the mother exercised due care. The evidence had no bearing on the question of damages, and hence could have had no effect on the verdict and could not have injured the plaintiff. *Todd* v. *Boston Elevated Railway,* 208 Mass. 505.

It was proper to exclude the question asked in the cross-examination of a witness called by the defendant: "What have you noticed as to cars going along that particular stretch?" re-

ferring to the place of the injury. The defendant (if other elements of liability were established) was bound to respond in damages to be determined solely with reference to the degree of culpability of its servants in charge of its car on the particular occasion in question, without regard to other instances of care or culpability.

*Exceptions overruled.*