GERTRUDE C. GILPATRICK, administratrix, *vs.* CHARLES E. COTTING & another, trustees.

Middlesex. March 25, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Joinder of counts for conscious suffering and death, In operation of elevator. *Practice, Civil,* Joinder of counts. *Elevator. Evidence,* Acts of other persons, Of custom, Materiality.

Where the declaration in an action brought in 1910 under St. 1907, c. 375, containing a single count for causing the death of a person, in which the damages are limited by the statute to $10,000, is amended under St. 1911, c. 31, by adding a second count at common law for conscious suffering resulting from the same injury, damages may be recovered under each count in the same way as if two separate actions had been brought, and the statutory limit of $10,000 applies only to the first count which was the original declaration.

In an action by an administrator against the proprietor of a building for causing the death and conscious suffering of the plaintiff's intestate by reason of the negligence of a servant of the defendant in starting an elevator, in which the intestate was being transported as a passenger, before the door of the elevator was closed, it is proper for the presiding judge to refuse to allow the defendant to show that it is common for operators of elevators to start the elevators before closing the doors; and it also is proper for him to exclude evidence offered by the defendant to show that before the accident no complaint had been made to the defendant in regard to the operator of the elevator whose negligence is alleged to have caused the accident; such evidence being immaterial upon the question of the negligence of the defendant's servant in operating the elevator and also upon the question of the degree of his culpability.

MORTON, J. This action was brought in 1910 to recover under St. 1907, c. 375, for the death of the plaintiff's intestate. Under

that statute the damages were to be assessed according to the degree of culpability and were limited to $10,000. At the time when the action was brought a count for conscious suffering could not be joined with a count for death. *Brennan* v. *Standard Oil Co.* 187 Mass. 376. Subsequently St. 1911, c. 31, was enacted, which allowed a count for conscious suffering resulting from the same injury to be joined to a count for death. After the passage of this statute the plaintiff was allowed to amend her declaration by adding a count for conscious suffering. The defendants asked the presiding judge* to rule that the plaintiff's right of recovery was limited to $10,000, that being the limit of recovery upon the action as originally brought. The judge refused so to rule and this presents the first and most important question raised by the defendants' exceptions.

The defendants concede that the statute, being remedial, applied to pending actions, but contend that, since recovery in the action where the amendment was allowed was limited by statute to $10,000, the adding of a new count could not extend the limit thus established, and rely upon *Bartley* v. *Boston & Northern Street Railway,* 198 Mass. 163, and *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273. The defendants insist that if the plaintiff wished to recover both for death and conscious suffering she should have brought two separate actions. But we think that the effect of the amendment was and is to do away with the necessity of bringing two separate actions and to allow a count for conscious suffering at common law to be joined to a count for death under the statute and the recovery of damages under each with like effect as if two separate actions had been brought. By the addition of the count for conscious suffering what was before an action for death alone becomes in effect two actions joined in one with the right of recovery limited in the count for death to the amount established by the statute, and with no limit in the other count except that fixed by the rules of the common law. In the two cases relied on the statute which permitted the joining of a count for conscious suffering with a count for death in an action for one and the same injury was an amendment to R. L. c.

---

* *Stevens,* J. The jury returned a verdict for the plaintiff in the sum of $15,000, apportioned $8,500 for conscious suffering and $6,500 on the count for causing death. The defendants alleged exceptions.

106, § 72, the employers' liability act so called, in which it is provided that the amount of damages awarded for both the injury and death shall not exceed $5,000. That was the ground on which those cases were decided, and it renders them inapplicable to the case before us.

The accident was caused by the operator's starting the elevator down before the door was closed, and by the leg of the plaintiff's intestate being caught in the door as it was shut. The operator had been instructed by the superintendent of the building to be careful and to see that the door of the elevator was closed before starting the elevator. There were six elevators in the building. The plaintiff called as a witness one Bishop, who was superintendent of elevators at the time of the accident. On cross-examination the defendants asked him whether it was not common for operators of elevators to start the elevators before closing the doors. On objection by the plaintiff the question was excluded subject to the defendants' exception. The defendants asked the operator of the elevator, one Sullon, who was called as a witness by them, whether any complaint had been made of him. The question was excluded subject to the defendants' exception. The same question was put to one Stevens, who was janitor and superintendent of the building, and was excluded subject to the defendants' exception.

We think that the questions were rightly excluded. Sullon was the servant of the defendants and they were responsible for his management of the elevators, — expressly made so by the St. 1907, c. 375. Whether they had heard any complaints concerning him or not did not affect their liability or the question of his negligence, or due care, or the degree of his culpability. Neither did the fact, if it was a fact, that it was common for the operators of elevators to start the elevator before the door was closed, have anything to do with the question of his due care or negligence, or the degree of his culpability. The degree of fault or blame, if any, was to be measured by the circumstances under which the accident occurred in the case before the court, and carelessness on the part of others would afford no standard by which to judge whether the operator of the car in this case was or was not in the exercise of due care. See *Mahoney* v. *Boston Elevated Railway*, 213 Mass. 196.

We have confined ourselves to the exceptions argued by the defendants in their brief, and treat all others as waived.

*Exceptions overruled.*

*J. Lowell & J. A. Lowell,* for the defendants.

*C. W. Bond,* (*H. E. Perkins & F. Chamberlin* with him,) for the plaintiff.