CARRIE A. MERRILL *vs.* CHARLES K. FOX.

Essex.     November 5, 1914. — November 25, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability, In a factory.

In an action by a woman employed in a shoe factory against her employer for
personal injuries sustained by slipping on some paste that had been left on the
floor of the factory, where the question of the plaintiff's due care plainly is for
the jury, if there is evidence warranting findings, that the paste had leaked
from a barrel and was upon the part of the floor over which the plaintiff in the
course of her employment had the right to and was accustomed to pass, that
the spot covered by the paste was slippery and dangerous, that it was one of the
duties of the superintendent of that part of the factory to use reasonable care
to see that this part of the floor was safe, that he had notice of the plain-
tiff's apparent purpose to step in the direction of the paste, and that, even if
the superintendent did not discover the condition of the floor until a short
time before the plaintiff fell, he discovered it in time to have warned her
of her danger, and that he failed to do so, the plaintiff is entitled to go to the
jury.

HAMMOND, J.   This is an action to recover for personal in-
juries sustained by the plaintiff by reason of her falling on a
floor, alleged to be slippery with paste, in the defendant's shoe

factory where the plaintiff was employed; and it is before us upon a report made by the trial judge.*

The question of the due care of the plaintiff was plainly for the jury. The question whether there was evidence of the negligence of the defendant presents more difficulty. It is close. Upon a careful examination of the evidence, however, we are of opinion that it would have warranted findings that the paste, which had leaked from the barrel, was upon that part of the floor over which the plaintiff, in the course of her employment, had the right to pass and was accustomed so to do; that the spot thus covered by the paste was slippery and dangerous; that Howard was the superintendent of that part of the factory; that one of his duties as such was to use reasonable care to see that this part of the floor was safe; that, even if he did not early discover the condition of the floor, he did discover it before the plaintiff fell; that although the time was short, it was yet long enough for him to warn the plaintiff of her danger; that in view of her apparent purpose to step in that direction he ought to have warned her, and that his failure to do so was negligence. For this negligence the defendant would be answerable. Upon the question therefore of the negligence of the defendant, the plaintiff was entitled to go to the jury.

In view of the ground of our decision as to this part of the case, under the terms of the report the exception as to the admission of the alleged conversation between the witness Powers and the plaintiff becomes immaterial.

*Judgment for the plaintiff for $250.*

*E. S. Abbott*, for the plaintiff.

*J. P. Sweeney & L. S. Cox*, for the defendant, submitted a brief.

---

* *Keating*, J., who ordered a verdict for the defendant and reported the case for determination by this court, with the stipulation that, if the plaintiff was entitled to have the case submitted to the jury, judgment was to be entered for the plaintiff in the sum of $250.