ELIZABETH JOHNSON, administratrix, *vs.* COCHRANE CHEMICAL
COMPANY.

SAME *vs.* SAME.

Middlesex. March 26, 1915. — September 16, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability.

An employer is not liable at common law for an injury to an employee caused by
his falling through a hole in the floor of the factory in which he was employed,
which had been enlarged temporarily for the purpose of doing some work that
still was in progress, and over which a fellow workman had placed temporarily
an insufficient board that broke when the injured employee stepped on it.

In an action by an administrator under the employers' liability act for the death of
the plaintiff's intestate, who was an experienced machinist, from falling through
a hole in the floor of the defendant's factory, which had been enlarged to lower
some machinery through it and had been covered temporarily by a fellow
workman of the intestate with an insufficient board that broke when the in-
testate stepped on it, testimony of the defendant's superintendent, who was in
charge of lowering the machinery through the hole in the floor, that it was his
duty to see that the work was done right, does not warrant a finding that the
superintendent ought to have had an oversight of each detail of the work and
so was not acting properly in leaving the work of the intestate to be done by
him in his own way.

In the same case it was *held,* that the fact that the superintendent took part in
lowering the machinery through the enlarged hole showed no connection on
his part with the negligence of the intestate's fellow workman in covering the
hole with a board that would break when it was trodden upon; and that an
admission of the superintendent on his cross-examination, that it would have
been advisable and prudent to cover the hole in order to protect men against
the large gear that was running below, also had no bearing on the act of cover-
ing the hole with the insufficient board.

In the same case it was *held,* that the fact that, although the superintendent helped
to pull the plaintiff's intestate out of the hole after he fell into it, yet the super-
intendent could not remember anything about the board that broke, is not
evidence of negligence on his part or of an admission of it; and it also was *held,*
that the defendant's failure to produce the board when its production was called
for by the plaintiff at the trial was not evidence of negligence under the statute.

In the same case it was *held,* that, even if the jury could have found that the same
insufficient covering of the hole had been in use for three days, this was not
sufficient in itself to entitle the plaintiff to go to the jury, because there was no
evidence that the superintendent knew or ought to have known of the condi-
tion of the hole at the time of the accident or of the way in which it had been
covered.

Two ACTIONS OF TORT by the administratrix of the estate of Charles M. Eberhardt, late of Everett, against the corporation by which he was employed, the first action under the employers' liability act to recover for his death and the second at common law for conscious suffering preceding his death. Writ dated June 15, 1910.

In the Superior Court the cases were tried together before *Brown,* J. At the close of the evidence, which is described in the opinion, the judge ruled that upon all the evidence the plaintiff could not recover in either action and ordered a verdict for the defendant in each of the cases. With the assent of the parties the judge reported the cases for determination by this court, with the stipulation, that in the first case, if ordering the verdict for the defendant was wrong, judgment should be entered for the plaintiff in the sum of $2,800 for the death; otherwise judgment was to be entered for the defendant; and that in the second case, if ordering the verdict for the defendant was wrong, judgment should be entered for the plaintiff in the sum of $500 for conscious suffering; otherwise judgment was to be entered for the defendant.

*James J. McCarthy,* for the plaintiff.

*E. C. Stone,* for the defendant.

LORING, J. Before the occurrences here complained of the defendant had on the floor of its motor room a hole for the chain by which " power had been transmitted to this motor " from the main shaft which was hung from the ceiling of the room below.

A short time before the accident the defendant (among other changes made in the motor room) determined to substitute " a gear drive" for the " chain drive" mentioned above. In order (as we understand the report) to lower the new gear through the floor so that it could be attached to the main shaft, hung (as we have said) from the ceiling of the floor below, it became necessary to enlarge the hole through which the chain passed. What the size of the hole was before the change was made does not appear. After its enlargement it was three and one half to four feet by twelve to fourteen inches.

Three days before the accident here in question two helpers in the machine shop gang had been set at work chipping the concrete base on which the motor was set, "to enlarge the hole."

When they finished that work one of them "covered the hole with a board and plank and a circular cover." After the new gear had been lowered through the hole "the hole was covered with a $\frac{7}{8}''$ board and a plank."

No work was done in the motor room the day before the accident. On the day of the accident the deceased and one Sampson were sent by the superintendent "to fasten the pedestals to the base of the large motor." These pedestals weigh from seventy-five to one hundred and fifty pounds each, and were "a little greasy and difficult to handle."·

The obvious path for the two men to travel took them over the hole, or, at any rate, the jury were warranted in so finding. To carry the pedestal the men lifted it, facing each other, and then proceeded — one walking backward and the other walking forward. When the deceased, who was walking backward, came to the hole "he stepped back and on to the board which broke and went down" under him. The gear below was revolving at the time. When he fell his foot struck the top of the revolving gear, involuntarily he let go his hold of the pedestal, and it fell on top of him. From the injuries thus sustained he died fourteen days later.

It would seem pretty plain that the jury were warranted in finding that there was negligence in covering the hole as it was covered. They were warranted in finding the following facts: The hole was fourteen inches wide and four feet long. It was covered by a board twelve inches wide and a plank nine inches wide, the plank being put over the board. The plank was nine inches wide and two inches thick, while the board was twelve inches wide and seven-eighths of an inch thick; that is to say, the plank was five inches narrower than the hole and was laid over the seven-eighths inch board, which was two inches narrower than the hole, to give it strength. That left five inches, at least, covered only by the board.

The dimensions of the board, seven-eighths of an inch thick, four feet long and twelve inches wide, taken with the dimensions of the hole (which the jury were warranted in finding was four feet long and fourteen inches wide), would seem to have warranted the finding that there was negligence in covering the hole as it was covered. But on this point we do not find it necessary to come

to a final conclusion since for this negligence (if there was negligence) the defendant is not liable.

First, it was not liable at common law. On the evidence the covering was a temporary one put on by a fellow workman of the deceased, without orders from or the knowledge of the defendant; and it could not be found that the defendant corporation, as distinguished from its agents (and at common law all of them were fellow servants of the deceased), was negligent in not discovering the way in which the hole had been covered on the day on which the covering was put on, or during the day — or possibly two days — which transpired after that and before the accident. There was no duty on the defendant to see that the hole was properly covered at the time of the accident. The work which included the enlargement of the hole was still in progress and unfinished.

In the second place there was no evidence warranting a finding of negligence under the employers' liability act. It is true that all the work done in the motor room was done under the superintendence of one Stevens, who could have been found to be a superintendent within the meaning of the act; but the deceased was an experienced machinist, and on the evidence the superintendent left the work to be done by the deceased, with Sampson as a helper, in his own way. In this there was no act of negligence on the part of the superintendent. There is no evidence that the superintendent knew of the way in which the hole had been covered. It could not be held that, though the work was being done under Stevens's superintendence, he ought to have known that the hole was insufficiently covered, if it was insufficiently covered.

The plaintiff has sought to make out negligence on the part of the superintendent because he testified that the work was being done under his superintendence and that it was his duty to see that the work was done right. This does not warrant a finding that Stevens ought to have had an oversight of each detail of the work and so could not properly have left the work to be done by the deceased to be done by him in his own way.

Again, the plaintiff has sought to make out negligence on the part of the superintendent by the fact that he took part in lower-

ing the new gear through the enlarged hole. But that is not enough. There was no negligence in leaving this hole uncovered while the work was in progress. The negligence (if there was negligence) consisted in making a trap by covering the hole with a board which would break when trodden upon. That was not done by direction of the superintendent, nor was there evidence that he knew that it had been done by others. This conclusion is not affected by the admission extorted from Stevens on cross-examination that it would have been advisable and prudent to cover the hole in order to protect men against the large gear that was running below.

In the next place the plaintiff has sought to make out a case of negligence on the part of the superintendent because of the fact that, although the superintendent helped to pull the deceased out of the hole at the time of the accident, yet he could not remember anything of the board or plank. Liability may be made out by reason of the story told by the person alleged to be negligent. See for example *Cohen* v. *Henry Siegel Co.* 220 Mass. 215. We are of opinion that this is not one of those cases. In the excitement of the moment the superintendent may not have noticed the board and plank when he pulled the deceased out of the hole, if indeed both had not fallen through to the floor below and were not then visible.

Neither does the defendant's failure to produce the board make out a case. So far as appears the first notice to produce it was given by the plaintiff at the trial. When asked at that time to produce the board the defendant's counsel said, "I can't," and the matter was not pushed further.

Again the plaintiff has sought to make out negligence on the part of the superintendent by reason of the fact that the jury could have found that the hole had been covered as it was covered at the time of the accident for a period of three days, and he argues that this contention is supported by *McCauley* v. *Norcross,* 155 Mass. 584; *Flynn* v. *Prince, Collins & Marston Co.* 198 Mass. 224; *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273, 275; and *Merrill* v. *Fox,* 219 Mass. 387. It may be doubted whether it could have been found that the covering on the hole at the time of the accident had been there for more than one whole day. But, however that may be, liability is not thereby made out.

There is nothing in these cases that helps the plaintiff in this connection.

The evidence in the case at bar does not bring the case within *Ferren* v. *Old Colony Railroad*, 143 Mass. 197. In that case the danger arising from the position of the building in connection with the track was a permanent one and therefore known to the defendant, and the plaintiff was called hurriedly from his regular work to do work which was not in the course of his regular employment at this place with which he was not familiar. In the case at bar the setting up of machinery must be taken to have been part of the work of the deceased; there was no evidence that he was called hurriedly to do the work of setting up the pedestals; and lastly there was no evidence that the superintendent knew or ought to have known of the then condition of the hole and of the way in which it had been covered.

The result is that in each action judgment must be entered on the verdict for the defendant. It is

*So ordered.*