HARRIET CHOICENER, administratrix, vs. WALTERS AMUSEMENT AGENCY, INC.

Bristol. October 29, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Damages,* In tort. *Evidence,* Competency. *Practice, Civil,* Exceptions.

At the trial of an action of tort, commenced by a man and prosecuted after his death by the administrator of his estate, for personal injuries sustained by the intestate in an automobile accident, there was evidence that the intestate had suffered a nervous breakdown, accompanied by heart trouble, about two years before the accident; that for a year before the accident the intestate had been "all right" and able to do some work; and that, after the accident, he had been unable to do any work for a few months, his hand was unsteady and he had crying spells. Evidence was admitted subject to the defendant's exception that the accident could have hastened the death of the intestate and that his death was so hastened. The trial judge charged the jury that, if they found that the accident hastened the death of the intestate and that he, as a reasonable man, feared or apprehended that his death might be accelerated by the effect of the accident, they might consider his fears and consequent mental suffering, but that they could not assess damages for his death; and ruled that the evidence to which exception had been taken might be considered by them only as bearing on the question, whether the intestate entertained such fears and then only if such fears were reasonable. A bill of exceptions presented by the defendant after a verdict for the plaintiff contained no evidence nor statement as to the nature of the physical injury sustained by the intestate in the accident, nor anything to show that all the material evidence was stated. *Held,* that

(1) It must be assumed that the jury heard evidence not in the record as to the occurrence of the accident and the nature of the intestate's physical injury;

(2) The evidence in the record warranted an inference that the intestate entertained a reasonable apprehension that the accident would

accelerate his death, and the judge was justified in giving the instructions above described to the jury;

(3) There was no error in the admission of the evidence to which exception was taken.

TORT. Writ dated December 10, 1927.

The plaintiff having died while the action was pending, his administratrix was admitted to prosecute it. Material evidence and portions of the judge's charge at the trial in the Superior Court before *McLaughlin,* J., are stated in the opinion. The jury found for the plaintiff in the sum of $5,000. The defendant alleged exceptions.

The case was submitted on briefs.

*T. F. O'Brien & S. E. Bentley,* for the defendant.

*E. R. McCormick,* for the plaintiff.

SANDERSON, J. This is an action of tort brought originally by the plaintiff's intestate to recover for personal injuries received by him in a collision on June 30, 1927, between an automobile in which he was riding and the defendant's automobile. The original plaintiff died before the trial, and his administratrix was duly substituted as plaintiff in his place. No action under the death statute has been brought. Liability of the defendant was not contested.

About two years before the accident the plaintiff's intestate had suffered a general breakdown in health, accompanied by heart trouble, which confined him to his bed for several months and thereafter left him unable to work for a few months more, but during the year before the accident he had been "all right" and able to work at home. After the accident he was unable to do any work for a few months, and thereafter his hand was unsteady and his earning capacity reduced. He was nervous, and had crying spells. The nature of the physical injury is not stated, and there is nothing to indicate that the record contains all the material evidence. The defendant excepted to testimony of two physicians to the effect that the death of a man in the condition of the intestate and with heart trouble could be hastened by an accident of the kind which occurred, and that in the opinion of one of them the death was hastened by the accident.

The judge charged the jury that there could be no recovery for the death or because death was hastened, but only for the suffering in consequence of the accident in the interval between its occurrence and death, and permitted them to assess damages for suffering proved to have resulted solely from the accident; and, in referring to a previous heart trouble and condition of arterio sclerosis, ruled that damages might be assessed for the suffering proved to have been caused by the accident in excess of what the suffering of the intestate would have been if the accident had not occurred. He ruled, in substance, that if they found on the medical testimony that the accident shortened the life of the deceased and also found upon the facts and the reasonable inferences to be drawn therefrom that he was aware or believed that the condition from which he suffered before the accident was aggravated, intensified and increased, and that because of the collision death might be hastened, they could take into consideration his apprehensions, fears and consequent mental suffering so caused. He also ruled that the burden of proving that the deceased entertained such apprehension was on the plaintiff, and if it was not proved by the greater weight of the evidence the jury were to disregard the testimony of the physicians whose evidence was ruled to be competent only for its bearing on the question whether the injuries of the deceased may have created in his mind the belief and apprehension above referred to, and that in no event could they take into consideration such fear or apprehension of death unless it was in all the circumstances reasonable on his part, and such as a reasonable man might entertain.

The question attempted to be raised by the exceptions is whether there was any evidence which would warrant the jury in inferring that the plaintiff's intestate entertained the belief and apprehension that the effect of the accident upon his previously existing heart condition might bring about a speedier ending of his life. The defendant makes no contention that mental suffering connected with and growing out of a physical injury is not a legitimate element of damage, but contends that there was no evidence to

justify the inference that such mental suffering existed in this case. It does not contend that there was error in the instructions as abstract statements of law. See *Barney* v. *Magenis*, 241 Mass. 268, 272, 273.

As a part of the foundation for a finding or inference that the deceased apprehended that his death would be hastened by the accident, the plaintiff had the right to introduce the medical testimony to which exception was taken. The jury also heard the evidence to which reference has been made and which gave them some information as to the unsteadiness of the deceased, his reduced earning capacity, his nervousness and crying spells, all of which could have been found to have resulted from the accident. They must also have heard evidence not contained in the record as to the nature of the accident itself and of the physical injury. A jury may draw inferences as to pain and suffering from the physical condition of the person injured and from his conduct as observed by witnesses. They also had a right to infer that the mental processes of the deceased were such as reasonable men would have under similar conditions. We are unable to say the evidence introduced at the trial would not justify the jury in finding that the deceased apprehended that the accident would shorten his life or that such apprehension was not reasonable on his part.

We find no reversible error in the rulings on evidence or in the carefully guarded statements of the law to which exception was saved.

*Exceptions overruled.*