BENJAMIN F. PRESTON, administrator, *vs.* JOSEPH CIANCI
(and a companion case [1]).

Suffolk.    May 6, 1947. — May 27, 1947.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Negligence*, Motor vehicle, Contributory.  *Witness*, Expert witness.

Evidence of the circumstances in which an automobile on a rainy night
struck a pedestrian at about the middle of a street beneath an elevated
railway structure warranted a finding that the operator of the auto-
mobile was negligent, and did not require a ruling that the pedestrian
was guilty of contributory negligence.

A physician, who, although not a specialist, had been in general practice
for many years and had been the attending physician of a decedent
and familiar with his physical condition, might properly be found
qualified to give opinion testimony that the decedent's being struck
by an automobile brought about a cerebral thrombosis in view of an
existing heart disease and caused his death.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated
August 30, 1944.

The actions were tried before *Collins*, J.   There were
verdicts for the plaintiff, and the defendants alleged ex-
ceptions.

*H. S. Avery*, for the defendants.

*P. E. Troy*, for the plaintiff.

LUMMUS, J.   These are actions of tort, brought by the
administrator of the estate of Lyman P. Mott, to recover
for personal injuries to the plaintiff's intestate on June 16,
1944, and his subsequent death from those injuries.   The
defendants are respectively Joseph Cianci, the proprietor
of a taxicab, and Myer Gray, who drove it as the servant
of Cianci.   The evidence most favorable to the plaintiff
tended to show the following facts.

The plaintiff's intestate was a man of more than seventy
years, travelling on foot, who, about ten o'clock on the
rainy evening of June 16, 1944, was crossing Main Street

---

[1] The companion case was brought by the same plaintiff against Myer Gray.

from east to west in that part of Boston called Charlestown, near the intersection of Baldwin Street. Main Street is about fifty-nine feet wide, and has in its center an elevated railway structure supported by posts within which are two sets of surface car tracks. Gray was operating the taxicab northerly upon those surface car tracks, in about the middle of Main Street, at the rate of about twenty-five miles an hour. There was no other traffic in the street. Before crossing, the plaintiff's intestate looked both ways without seeing any traffic, and he looked again before reaching the first or easterly car track. The plaintiff's intestate was not behind any post, and was seen by Gray when as much as ten feet away. The plaintiff's intestate had nearly crossed both sets of car tracks when he was struck. Gray did not testify that he slowed down at any time, in compliance with G. L. (Ter. Ed.) c. 90, § 14, before striking the plaintiff's intestate. See *Tookmanian v. Fanning*, 308 Mass. 162, 165.

We think that the negligence of the defendants was a question of fact for the jury, and that the plaintiff's intestate was not shown to be negligent as a matter of law. There was no error, we think, in the denial of the motions of the defendants for directed verdicts in their favor.

Since there was evidence of negligence on the part of the defendants, damages could properly be assessed for the death according to the degree of culpability. There is nothing in the record to indicate that they were not so assessed.

The defendants excepted to the admission of certain evidence given by a physician named Nauen. That witness testified that he was in general practice, was not a specialist, and was the family physician of the deceased, whom he had last treated on May 17, 1944. He testified that the deceased before the collision had an arteriosclerotic heart disease. He testified that the collision was the cause of death, by causing cerebral thrombosis, in view of the existing heart disease. He testified that he had been in general practice for about twenty-eight years.

It is elementary that the competency of an expert wit-

ness is largely within the discretion of the presiding judge. *Commonwealth* v. *Bartolini*, 299 Mass. 503, 513. On the whole, we think that the opinion of the experienced physician, who was familiar with the deceased and his physical condition, and was his attending physician, could be received upon the question of the cause of death. *Choicener* v. *Walters Amusement Agency, Inc.* 269 Mass. 341.

*Exceptions overruled.*