ARTHUR T. DERMODY, administrator, *vs.* CHARLES E. UTLEY.

Berkshire.    September 18, 1951. — January 3, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Damages*, For tort, For personal injuries, Nominal. *Actionable Tort.*

G. L. (Ter. Ed.) c. 229, § 6, both before and after its amendment by St. 1947, c. 506, § 2, related merely to the procedure for enforcing existing common law rights and created no new cause of action.

The change in the phraseology of G. L. (Ter. Ed.) c. 229, § 6, made by St. 1947, c. 506, § 2, from "damages . . . for conscious suffering resulting from the same injury" to "damages for the injury from which the death resulted" was of no significance.

The administrator of a person whose death resulted almost immediately, without conscious suffering or medical expense, from an injury sustained in 1948 was not entitled in an action for the death to recover either substantial or nominal damages for the injury on a separate count under G. L. (Ter. Ed.) c. 229, § 6, as appearing in St. 1947, c. 506, § 2.

TORT.    Writ in the Superior Court dated April 8, 1948.

The action was tried before *Warner*, J.

*F. M. Myers*, (*F. M. Myers, Jr.*, with him,) for the defendant.

*J. M. Shea*, (*A. J. Ruberto* with him,) for the plaintiff.

WILLIAMS, J. This is an action of tort by the administrator of the estate of one Michael T. Dermody to recover compensation for the personal injuries and resulting death of the decedent caused by the alleged negligence of the defendant. It is not disputed that the decedent while walking on a public highway in Pittsfield on March 28, 1948, was struck and killed by an automobile operated by the defendant. There was evidence of his due care and of the defendant's negligence. At the time of the accident the decedent was eight years of age. He lived only a few minutes after being struck, and there was no evidence of conscious suffering or of expenses incurred "for medicine, medical care, ambulance service, or charges of any such nature." Death resulted from a compound fracture of the skull. Counts 1 and 2 of the plaintiff's declaration having been waived, we are concerned only with counts 3 and 4. Count 3 is for the death and count 4 is for "damages for the injuries from which the death of . . . [the decedent] resulted in accordance with c. 229, § 6, of the General Laws . . . ." Verdicts were returned for the plaintiff on both counts, the verdict on count 4 being in a substantial amount. We have before us the defendant's exception to the denial of his motion for a directed verdict on the latter count filed at the conclusion of the evidence.

The action for the death is brought under G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A. Statute 1947, c. 506, was enacted on June 7, 1947, and was in effect both at the time of the accident and on April 8, 1948, when the present action was commenced. It amended the law under which damages for death caused by negligence had been awarded and provided that such damages be assessed solely "with reference to the pecuniary loss sustained by the parties entitled to benefit hereunder"; that is, by the members of the decedent's immediate family or next of kin. Reference to the culpability of the person causing the death was omitted. Section 2 of the act struck out § 6 of G. L. (Ter. Ed.) c. 229, which provided that in actions for death "damages may be recovered under a separate count at

common law for conscious suffering resulting from the same injury," and by way of amendment inserted a new § 6 which provided that "damages for the injury from which the death resulted may be recovered under a separate count." See *Sharpe* v. *Metropolitan Transit Authority*, 327 Mass. 171.

It is contended by the plaintiff that, although under § 6, previous to its amendment, the plaintiff could recover damages only for conscious suffering, under § 6, as amended, he is entitled to recover substantial damages for the decedent's injuries received prior to his death, even if there is no conscious suffering or medical expenses.

Section 6 is derived from St. 1911, c. 31, and St. 1911, c. 635, which were enacted following the decision in *Brennan* v. *Standard Oil Co. of New York*, 187 Mass. 376. In that case it had been held that a count to recover for death and a count to recover for personal injuries which resulted in the death and for which the decedent had a right of action during his life could not be joined in one action. Section 6 is remedial and relates merely to the form of procedure by which existing rights are to be enforced. It creates no new causes of action. *Gilpatrick* v. *Cotting*, 214 Mass. 426. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 571–572. See *Bartley* v. *Boston & Northern Street Railway*, 198 Mass. 163, 168; *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273, 276. The existing rights to which the section refers are the same as those considered in the *Brennan* case. The right to recover for death is grounded on G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, one of the series of so called death statutes, whose history has been traced in *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510, *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8, *Boott Mills* v. *Boston & Maine Railroad*, 218 Mass. 582, and *Porter* v. *Sorell*, 280 Mass. 457. See also St. 1946, c. 614.[1] The right to recover for the personal injuries is that right which is given by the common law and which by reason of

---

[1] See now St. 1949, c. 427.

actual damage to the decedent before his death in the form of suffering, expenses for medical attention, or loss of earning capacity survives his death. It is the same right of action which, previous to the 1947 amendment, was designated in § 6 as a count for "conscious suffering" and in § 6, as amended, as a count for "damages for the injury." The change in the descriptive phrase is of no significance. The term count for conscious suffering has been generally, although perhaps inaccurately, used both by the Legislature and by the courts to describe an action for personal injuries at common law when death has resulted. Section 6 makes no change in the substantive law applicable to these rights of action. At common law the elements of the damage resulting from the personal injuries are those above mentioned. If separately assessed, the sum of the awards constitutes full compensation for the injury. See *Rodgers* v. *Boynton*, 315 Mass. 279. Bodily mutilation is not an independent element of damage. *Tully* v. *Fitchburg Railroad*, 134 Mass. 499, 505. In *Royal Indemnity Co.* v. *Pittsfield Electric Co.* 293 Mass. 4, 8, it was said that "to permit the assessment of damages for bodily mutilation . . . there must have been pain or at least consciousness of injury." See *Mulchahey* v. *Washburn Car Wheel Co.* 145 Mass. 281; *Battany* v. *Wall*, 232 Mass. 138.

The plaintiff therefore was not entitled to recover substantial damages on count 4. Nor was he entitled to a verdict for nominal damages on that count. An act of negligence constitutes no invasion of the rights of another and gives rise to no right of action unless legal damage is caused. *Sullivan* v. *Old Colony Street Railway*, 200 Mass. 303, 308. *Daniels* v. *Celeste*, 303 Mass. 148, 152. See Prosser on Torts, pages 177–178. *Mulchahey* v. *Washburn Car Wheel Co.* 145 Mass. 281, and *Battany* v. *Wall*, 232 Mass. 138, are not authorities to the contrary. In the former case the defendant submitted to a verdict for nominal damages and in the latter case there was evidence of conscious suffering by reason of which a verdict for substantial damages might have been returned.

As the defendant's exception to the denial of his motion for a directed verdict on count 4 must be sustained, there is no occasion to consider his exceptions to the refusal to grant his requests for rulings presented at the trial and those later presented at a hearing on a motion for a new trial.

*Exceptions sustained.*

*Judgment for the defendant on count 4.*