## O'LEARY v. UNITED STATES LINES CO.

### Civ. No. 52-121.

United States District Court,
D. Massachusetts.

April 7, 1953.

Harry Kisloff, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Plaintiff's intestate was a longshoreman injured on August 31, 1951 while on defendant's vessel, then docked in the Port of Boston. He died as a result of the injuries sustained on September 2, 1951. Plaintiff is a citizen of Massachusetts; defendant is a New Jersey corporation.

Plaintiff's action is in two counts: one for the death of her intestate in the amount of $20,000; the other for "pain and mental anguish, incurred medical expenses and lost time from his usual work" suffered by the decedent in the amount of $50,000. Defendant's answer was filed on February 15, 1952. On February 11, 1953, plaintiff moved to amend the complaint, the material changes consisting in adding to the second count a claim for "general damages" including "loss of enjoyment of the amenities of life, * * * a material diminution of his normal life expectancy, * * * a shortening of his life, and other general damages resulting from said injuries as may appear at the trial * * *," increasing the amount to $100,000. On February 27, 1953, plaintiff moved to amend the amended complaint, striking the same, and substituting therefor a second amended complaint which, in addition to those damages previously sought in the second count, added thereto damages for "bodily mutilation and loss of function" and "loss of prospective earnings from the date of his death until the end of his normal life expectancy."

The first question is what law applies to the second count. Since the decedent was injured on a vessel in the Port of Boston, his right of action during his life depended upon the general admiralty law. Moore-McCormack Lines, Inc., v. Amirault, 1 Cir., 202 F.2d 893, at pages 896, 897. Upon his death the general admiralty law (at least as interpreted by the cases heretofore decided) did not *ex proprio vigore* provide that his cause of action survived. Cf. Cortes v. Baltimore Insular Line, 287 U.S. 367, 371, 53 S.Ct. 173, 77 L.Ed. 368. But that law allowed that longshoreman's cause of action to survive in accordance with the local law of Massachusetts. This is an application of the general principle "that a State, in the exercise of its police power, may establish rules applicable on land and water within its limits, even though these rules incidentally affect maritime affairs, provided that the state action 'does not contravene any acts of Congress, nor work any prejudice to the characteristic features of the maritime law, nor interfere with its proper harmony and uniformity in its international and interstate relations.'" Just v. Chambers, 312 U.S. 383, 389, 668, 61 S.Ct. 687, 692, 85 L.Ed. 903. Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210; The Hamilton, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264.

The second question is what is the Massachusetts law with respect to the survivorship of personal injury claims. This, of course, is one of the questions most frequently raised in tort cases. The applicable statutes are G.L.Mass. (Ter.Ed.) c. 228, § 1, as amended by St.1934, c. 300, and c. 229, § 6, as amended by St.1949, c. 427, § 5, which respectively provide:

"In addition to the actions which survive by the common law, the following shall survive:—
* * *

"(2) Actions of tort (a) for * * * damage to the person".

"In any civil action brought under section * * * two C * * * damages may be recovered under a separate count at common law for conscious suffering resulting from the same injury * * *."

Under these statutes it has long been recognized by the Massachusetts state courts that, as said in Dermody v. Utley, 328 Mass. 209, 103 N.E.2d 234, 236:

"The right to recover for the personal injuries is that right which is given by the common law and which by reason of actual damage to the decedent before his death in the form of suffering, expenses for medical attention, or loss of earning capacity survives his death. * * * If separately assessed, the sum of the awards constitutes full compensation for the injury."

No Massachusetts case has allowed the survival of a claim expressly stated to be for bodily mutilation, or loss of prospective earnings, or loss of the expectancy of a future life, except in so far as the decedent feared such loss and that anxiety aggravated (and thus could be embraced within) conscious pain and suffering. Choicener v. Walters Amusement Agency, Inc., 269 Mass. 341, 343, 168 N.E. 918.

There is no indication that the Massachusetts Court would adopt the English rule which allows the decedent's representative to recover damages on account of the decedent's loss of "a predominantly happy life." Benham v. Gambling, (1941) A.C. 157, 166, (1941) 1 All E.R. 7, 12, or, as it was formerly phrased, on account of the "loss of expectation of life," Rose v. Ford, (1937) A.C. 826, 834, (1937) 3 All E.R. 359, 363. And there are grounds for supposing that the Massachusetts state courts would reject the English rule, which presumably has been drawn to their attention. See Hannigan, Recent English Decisions in Damages for Injuries Ending in Premature Death, 18 B.U.L. Rev. 275; Developments in the Law—Damages—1935–1947, 61 Harv.L.Rev. 113, 143–144. First, the Massachusetts legislature has provided that where a defendant has negligently caused another's death the executor or administrator shall recover a sum "to be assessed with reference to the degree of * * * culpability". G.L.Mass. (Ter. Ed.) c. 229, § 2C, as added by St.1949, c. 427, § 3. This suggests that the legislature did not intend any other recovery by anyone on account of shortening of life or life's enjoyment. For such other recovery would be based on the degree of damage not on the degree of fault, and would presumably usually involve some financial duplication. Second, the English rule has not proved to be entirely satisfactory in England. It has been so modified in practice that only small flat sums are now allowed. See, e. g., Bishop v. Cunard White Star Co., Ltd., (1950) p. 240, (1950) 2 All E.R. 22, 13 Mod.L.Rev. 508. Third, the English rule is set in a context where duplication of damages is much less likely than it would be in Massachusetts. In England, survival damages, awarded, e.g., for shortening of life or pain and suffering, are deducted from recoveries of relatives under the English death act. See Yelland v. Powell Duffryn Associated Collieries, Ltd., (1941) 1 K.B. 519, aff'd sub nom. Davies v. Powell Duffryn Associated Collieries, Ltd., (1942) A.C. 601; Bishop v. Cunard White Star Co., Ltd., supra. In this Commonwealth, however, survival damages, including suffering from the fear of loss of life, are in addition to damages recovered by relatives under the Massachusetts wrongful death statute. Cf. Beauvais v. Springfield Institution for Savings, 303 Mass. 136, 147, 20 N.E.2d 957, 124 A.L.R. 611; Gilpatrick v. Cotting, 214 Mass. 426, 427, 101 N.E. 993.

As to the other newly suggested damage headings, it seems likely that in Dermody v. Utley, quoted supra, the Supreme Judicial Court stated all of the damages recoverable in a survivor's action in Massachusetts.

For the foregoing reasons, the motions to amend the complaint and further amend the amended complaint are

Denied.